PEOPLE v DYCUS

1. JUDGES—DISQUALIFICATIONS—PROSECUTORS—COURT RULES.

   The court rule regarding the disqualification of a judge does not
   disqualify a judge who is related to the prosecuting attorney
   within the fourth degree of consanguinity from hearing a plea
   proceeding where there is no claim of bias or prejudice and
   where the prosecuting attorney neither appeared nor partici-
   pated personally in the proceedings (GCR 1963, 405.1[4]).

2. JUDGES—DISQUALIFICATIONS—ACTIONS—COURT RULES.

   The court rule regarding the disqualification of a judge relates to
   the hearing of actions (GCR 1963, 405.1[4]).

3. ACTION—RIGHTS.

   An action is a legal proceeding by which one demands or enforces
   one's right in a court of justice.

4. CRIMINAL LAW—PLEA PROCEEDINGS—ADMISSIONS OF GUILT.

   A plea proceeding is a process by which a judge determines
   whether a defendant's admission of guilt is a valid admission of
   guilt to the crime to which the defendant is pleading.

5. JUDGES—DISQUALIFICATIONS—PLEA PROCEEDINGS—ACTIONS—COURT
   RULES.

   A plea proceeding is not an action within the meaning of the
   court rule regarding the disqualification of a judge (GCR 1963,
   405.1[4]).

6. PARTIES—PROSECUTORS.

   A prosecuting attorney is not the attorney or counselor for any
   party where he does not appear personally or participate in the
   action.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6, 7] 46 Am Jur 2d, Judges § 154 *et seq.*
   Relationship to attorney as disqualifying judge. 50 ALR2d 143.
[3] 1 Am Jur 2d, Actions § 4.
[4, 5] 21 Am Jur 2d, Criminal Law §§ 486–492.
   Court's duty to advise or admonish accused as to consequences of
   plea of guilty, or to determine that he is advised thereof. 97
   ALR2d 549.

7. JUDGES—DISQUALIFICATIONS—COURT RULES.

> The purpose of the court rule regarding the disqualification of a judge is to remove any taint or suspected taint of bias or prejudice on the part of a judge, arising from his relationship to the attorney for any party (GCR 1963, 405.1[4]).

Appeal from Wayne, William Leo Cahalan, J. Submitted July 6, 1976, at Detroit. (Docket No. 26030.) Decided August 24, 1976.

Rita D. Dycus was convicted on her plea of guilty of use of the drug phencyclidine. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Poole, Klask & Carty, P. C.,* for defendant.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

QUINN, P. J. Defendant was charged with possession of phencyclidine, MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b). As the result of plea bargaining, defendant pleaded guilty to an added count of unlawful use of the same drug, MCLA 335.341(5)(b); MSA 18.1070(41)(5)(b). The sentence was one year probation. At the plea proceeding, defendant moved orally to disqualify the judge because of his relationship to the prosecuting attorney. This motion was denied.

Defendant's application for delayed appeal was granted. The only issue presented is whether the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trial judge was disqualified under GCR 1963, 405.1(4) because he was admittedly within the fourth degree of consanguinity to the prosecuting attorney who neither appeared nor participated personally in the proceedings. No claim of bias or prejudice on the part of the judge because of his relationship to the prosecuting attorney is raised.

The disqualification in the rule relied on relates to hearing an *action*. Action is defined as, "a legal proceeding by which one demands or enforces one's right in a court of justice", Webster's Third New International Dictionary. A plea proceeding is a process by which a judge determines whether a defendant's admission of guilt is a valid admission of guilt to the crime to which defendant is pleading. The plea proceeding is not an *action* within the meaning of the rule relied on by defendant.

The specific sub-section of the rule that defendant relies on is a disqualification of a judge related within the fifth degree of consanguinity or affinity to "any of the attorneys or counselors for any party". Unless the prosecuting attorney appears personally and participates in the action, he is not the attorney or counselor for any party.

The purpose of the disqualification rule relied on by defendant is to remove any taint, or suspected taint, of bias or prejudice on the part of a judge arising from his relationship to the attorney for any party. Here, not only is no bias or prejudice arising from the admitted relationship shown, none is claimed.

Affirmed.