## PEOPLE v KEARNEY

1. Criminal Law—Evidence—Psychiatrist's Report—Admissibility
   —Availability to Defense—Appeal and Error.

   Admission into evidence of a prosecution psychiatrist's report
   which was not furnished to defense counsel before trial was not
   reversible error where defense counsel did not request an
   adjournment of the trial when the report was offered, was not
   taken by surprise by the report, and conducted an adequate
   cross-examination of the psychiatrist.

2. Witnesses—Criminal Law—Lay Witnesses—Insanity—Mental
   Competence.

   A lay witness generally may express an opinion regarding the
   sanity or insanity or the mental competence or incompetence of
   a person whose mental condition is in issue, provided the
   witness has sufficient opportunity to observe the person.

3. Witnesses—Expert Witnesses—Qualifications—Judge's Discre-
   tion.

   The qualification of an expert witness is a question for the
   discretion of the trial judge, and this discretion may only be
   exercised within the framework of established rules of law.

4. Witnesses—Rape—Victim as Witness—Mental Conditions of
   Defendant—Foundation for Testimony.

   The fact that a victim of a rape observed her attacker on two
   occasions on the same day the rape occurred is an insufficient
   foundation upon which to allow testimony of the victim regard-
   ing her opinion as to whether the attacker knew right from
   wrong or did not act under irresistible impulse; admission of
   this testimony, over objection, was error.

---

References for Points in Headnotes
[1, 5] 21 Am Jur 2d, Criminal Law § 48.
  Validity and construction of statutes providing for psychiatric
  examination of accused to determine mental condition. 33 ALR2d
  434.
[2, 4, 5] 31 Am Jur 2d, Expert and Opinion Evidence § 88.
[3] 31 Am Jur 2d, Expert and Opinion Evidence §§ 31, 93.

5. WITNESSES—RAPE—VICTIM AS WITNESS—MENTAL CONDITION OF DE-
FENDANT—HARMLESS ERROR.

   Admission of testimony by a victim of a rape regarding the
   mental condition of the attacker was error, but was harmless
   error in a nonjury trial in which the judge made it clear that
   he relied only upon the testimony of defense and prosecution
   psychiatrists and where the record indicates that the result
   would be the same even if a retrial were to be held or if the
   defendant's objection to the victim's testimony had been sus-
   tained.

Appeal from Ingham, Kenneth G. Prettie, J. Submitted June 16, 1976, at Lansing. (Docket No. 26108.) Decided October 20, 1976. Leave to appeal denied, 399 Mich 844.

Roger P. Kearney was convicted of rape and assault with intent to commit robbery while armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lee Wm. Atkinson,* Chief Appellate Attorney, for the people.

*Foster, Swift & Collins, P. C.* (by *Webb A. Smith),* for defendant.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

BEASLEY, J. In this case, defendant, Roger Patrick Kearney, was charged with rape and with assault with intent to rob while armed. The record indicates that on September 26, 1972, defendant obtained entrance into a private home under false pretenses, held a knife to the throat of a housewife, announced a robbery and raped her, accompanied by physical violence, in her own bedroom

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

while her young daughter was in the next room. These events were admitted by defendant as evidenced by his confession given shortly after his arrest on the day following. On trial, defendant did not deny commission of these acts, but claims he is not legally responsible by reason of mental illness.

On November 7, 1972, defendant was committed to the Center for Forensic Psychiatry after being found incompetent to stand trial. On February 24, 1975, defendant was determined competent to stand trial.

In July, 1975, waiving jury trial, defendant was tried before a judge. The court found him guilty of both offenses and sentenced him to lengthy prison terms on each count, the sentences to run concurrently.

Defendant appeals as of right.

On appeal, defense counsel raises four issues, claiming the trial judge's rulings on each were in error.

Both sides employed psychiatrists and offered their testimony.

The prosecutor had obtained authorization from the court, without objection by counsel for defendant, for examination of defendant by the psychiatrist for the prosecution. This psychiatrist testifying for the prosecution had known defendant previously between 1969 and 1972 when the psychiatrist was director of a mental hospital where defendant had been a patient. This psychiatrist further examined defendant in October, 1974, and in June, 1975. Defense counsel was furnished a written report of the October, 1974, examination, but did not become aware of the June, 1975, interview until after trial commenced on July 8, 1975. Defendant claims that under these circumstances it

was erroneous to permit introduction of the report of the June, 1975, interview into evidence.

As the trial judge indicated, defense counsel was entitled to see the psychiatrist's written report in advance of trial. This case was tried by a special prosecutor appointed to try only this case. It was suggested the withholding of the report was inadvertent and not intentional, arising from a breakdown in communication between the office of the prosecuting attorney and the special prosecutor. Whether or not intentional, these actions are not condoned and should be avoided. The better practice would have been to furnish defense counsel a copy of the psychiatrist's report in advance of trial.

However, the record indicates no request for adjournment by defense counsel. Neither does it appear that defense counsel was taken by surprise by the further interview in June, 1975, and the supplemental report. On the contrary, his cross-examination of the prosecutor's psychiatrist was ample and adequate. Admission in evidence of the supplemental report did not prejudice defendant's case. Since the prosecutor's psychiatrist had already examined defendant and knew him under the circumstances indicated, it would appear that a request by the prosecution for further interview would, in the circumstances of this case, have been routinely granted. In fact, defendant's argument is not that he was further interviewed; rather, it is that counsel was not notified in advance of the intention to examine further, that no court order for the same was obtained, and that the report was tardily made known to him when trial was about to start. While, as indicated above, the prosecutor's actions are not condoned, where, however, no request for adjournment was made and,

where, considering all of the surrounding circumstances, there does not appear to have been any prejudice to defendant, the error, if any, was harmless and is not sufficient reason to reverse for another trial.

The defendant next claims it was error to permit testimony of a lay witness regarding his mental condition. The record indicates the prosecutor offered the testimony of another of defendant's victims, a woman who was allegedly raped by defendant on the morning of the same day the events complained of in this case occurred. The theory of this testimony was that this other victim had sufficient dealings with defendant to form an opinion regarding his mental condition.

This objection must be viewed within the context of this trial. In this case, defendant pleaded not guilty by reason of insanity and offered the testimony of his psychiatrist. By way of rebuttal, the prosecutor called a psychiatrist and the other woman-victim.

In advance of the trial, defendant had indicated he might call this other woman-victim as part of his case, but when he did not, the prosecution chose to do so. Reference had already been had in the testimony of the psychiatrists to the events concerning which she testified. Her testimony was brief. Over objection, she said that "he knew what he was doing", knew right from wrong and did not operate under irresistible impulse. However, on cross-examination she said that she did not consider his actions to be normal.

If this had been a jury trial, objection to admission of such testimony on the ground that it was highly prejudicial would almost certainly have been sustained. But this was not a jury trial. In a nonjury trial, the test of whether testimony is

prejudicial is, perhaps, a little different and may be viewed in a different light. But defendant says that even so there was insufficient foundation for this nonprofessional person to express an opinion regarding defendant's mental condition. In general, the Michigan rule is that a lay witness may express an opinion regarding the sanity or insanity or the mental competency or mental incompetency of a person whose mental condition is in issue provided the witness has sufficient opportunity to observe the defendant. *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969), *People v Alsteens,* 49 Mich App 467; 212 NW2d 243 (1973), *People v McBride,* 55 Mich App 234; 222 NW2d 195 (1974).

In general, the qualifying of an expert witness is a question for the discretion of the trial judge.

However, the discretion may only be exercised within the framework of established rules of law. Usually the victim of rape would be the last person expected to render an objective appraisal of whether her attacker had sufficient mental capacity to be criminally responsible. Observation of her attacker on two occasions the same day she was raped was insufficient foundation upon which to express an opinion that defendant knew right from wrong and that he did not act under irresistible impulse. On this record the trial judge erred in admitting such testimony over defendant's timely objection.

The next question then is, does this error require reversal and remand for a new trial?

This was a nonjury trial and the fact of the rape was admitted. On that count the only issue for the trial judge was whether defendant had the requisite mental capacity at the time he committed the acts. In his findings the trial judge made it clear that, with respect to the issue of sanity, he only

weighed and considered the testimony of the two psychiatrists. While admitting her conflicting testimony regarding mental condition into evidence, he quite obviously attached no weight to it. He relied on the testimony of the prosecutor's psychiatrist as he had a right to do. Both psychiatrists agreed that, at the time of trial, defendant was mentally ill and that public safety required that he not again be released. This is not the kind of error that requires reversal. The record indicates a similar result of re-trial were held, just as there would have been a similar result if defendant's objection had been sustained. The error was harmless with regard to the result.

Defendant's other claims of error do not find support in the record. There was ample evidence to support the finding that beyond a reasonable doubt defendant was sane and that he assaulted his victim with intent to rob and steal while armed.

Affirmed.