PEOPLE v DELONGCHAMPS

PEOPLE v MICK

Docket Nos. 48557, 48558. Submitted October 21, 1980, at Detroit.—
Decided January 22, 1981. Leave to appeal applied for.

Donald F. Delongchamps and Harvey R. Mick were convicted of
possession of marijuana with intent to deliver in Bay Circuit
Court, Eugene C. Penzien, J. They appeal, alleging that 1) the
trial judge should have disqualified himself from hearing their
cases because he was a prosecuting attorney within that circuit
within the preceding two years, 2) they were denied a fair trial
by the trial court's refusing to order the prosecutor to produce
for examination the informant who supplied the information
leading to the search of their rented vehicle and subsequent
arrest, 3) the trial court abused its discretion by refusing to
allow defense inquiry into who had pried open the trunk of the
rented car in which the contraband was found, 4) the posses-
sion of marijuana with intent to deliver statute violates the

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judges § 202.
    Time for asserting disqualification of judge, and waiver of disqualifi-
    cation. 73 ALR2d 1238.
[2] 46 Am Jur 2d, Judges §§ 185, 186, 196, 197.
    Prior representation or activity as attorney or counsel as disqualify-
    ing judge. 72 ALR2d 443.
[3] 30 Am Jur 2d, Evidence §§ 1149, 1150.
[4] 73 Am Jur 2d, Statutes § 100 et seq.
[4, 8] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17, 20-22.
[4, 8] What constitutes "possession" of a narcotic drug proscribed by
    § 2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.
[5, 6] 46 Am Jur 2d, Judges §§ 2, 8.
    68 Am Jur 2d, Searches and Seizures § 71.
    Validity and construction of constitutional or statutory provision
    making legal knowledge or experience a condition of eligibility
    for judicial office. 71 ALR3d 498.
[7] 5 Am Jur 2d, Appeal and Error § 883.
[8] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45.
[9] 29 Am Jur 2d, Evidence §§ 163, 166.
    Modern status of the rules against basing an inference upon an
    inference or presumption upon a presumption. 5 ALR3d 100.

title-object clause of the Michigan Constitution, 5) the circuit court lacked jurisdiction to try them because the proceedings were initiated by an arrest warrant issued by a magistrate who was not an attorney, 6) issuance of a warrant by a magistrate who was not an attorney violates due process, 7) the evidence adduced at trial was insufficient to support their convictions, and 8) the trial court erred in refusing to instruct the jury on the lesser included offense of possession of marijuana. *Held:*

1. The defendants did not raise the issue of the judge's possible disqualification from hearing their case in a timely fashion, and untimeliness is a factor in deciding whether the motion should be granted.

2. The trial judge was not an attorney for the prosecution within the meaning of the court rule disqualifying a judge from presiding over a case wherein he was an attorney for a party within the preceding two years by virtue of his previously being employed by the county as prosecuting attorney. He did not appear personally and participate in the action.

3. The trial court's decision not to order the prosecutor to produce for trial the informant who supplied the information leading to the defendants' arrest was not clearly erroneous. The informant was not a res gestae witness but merely supplied the information sufficient to establish probable cause to stop and search the defendants' car. He was not a participant in the crime with which the defendants were charged.

4. The trial court did not abuse its discretion in ruling that defense counsel could not continue to question the police officers regarding the prying open of the trunk of defendants' car where the police officers had no personal knowledge in that area.

5. The statute prohibiting possession of marijuana with intent to deliver the same is not violative of the title-object clause of the Michigan Constitution.

6. Issuance of warrants by magistrates who are not attorneys does not violate the requirement that judges of record be licensed to practice law under the Michigan Constitution because magistrates are not judges, have limited jurisdiction, and their decisions are reviewable *de novo* in district courts.

7. Issuance of warrants by magistrates who are not attorneys does not violate a defendant's due process.

8. A rational trier of fact could have found that the essential elements of possession of the controlled substance and intent to deliver existed beyond a reasonable doubt as to both defen-

dants. The evidence was sufficient to support the convictions of both defendants.

9. The defendants' intent to deliver the marijuana can be inferred without violating the "inference upon an inference" rule which proscribes the building of an inference upon another inference where both are based on the same evidence.

10. The trial court did not err in refusing to instruct on the lesser included offense of possession of marijuana.

Affirmed.

1. JUDGES — DISQUALIFICATION OF JUDGES — MOTIONS — COURT RULES.

A motion to disqualify a judge from presiding over a case must be filed within ten days after a case has been assigned to the judge or at least ten days before trial, whichever is earlier; if a motion is not timely filed, untimeliness is a factor in deciding whether the motion should be granted (GCR 1963, 912.3).

2. JUDGES — DISQUALIFICATION OF JUDGES — ATTORNEYS — COURT RULES.

A judge is not an attorney for a party, within the court rule regarding disqualification of a judge, by virtue of his former employment by the county as a prosecutor in an action brought before him wherein the county is represented by the prosecuting attorney's office if, while he was acting as prosecuting attorney, he did not appear personally and participate in that action (GCR 1963, 912.2).

3. WITNESSES — RES GESTAE WITNESSES — INFORMANTS.

A res gestae witness is one whose testimony is necessary to protect a defendant against false accusation or without whose testimony any part of the alleged criminal transaction may remain undisclosed; and an informer who supplies information leading to a search of a defendant's automobile and defendant's subsequent arrest, but who was not a participant in the crime with which a defendant was charged, is not a res gestae witness.

4. CONTROLLED SUBSTANCES — MARIJUANA — POSSESSION WITH INTENT TO DELIVER — STATUTES — CONSTITUTIONAL LAW.

The statute prohibiting possession of marijuana with intent to deliver the same does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24, MCL 333.7401[2][c]; MSA 14.15[7401][2][c]).

5. CRIMINAL LAW — MAGISTRATES — SEARCH WARRANTS — CONSTITUTIONAL LAW.

The issuance of search warrants by magistrates who are not

attorneys does not violate the Michigan constitutional requirement that judges be licensed to practice law since magistrates are not judges, but have limited jurisdiction, and a party may seek a *de novo* review of a magistrate's decision in the district court (Const 1963, art 6, § 19, MCL 600.8507, 600.8511, 600.8512, 600.8515; MSA 27A.8507, 27A.8511, 27A.8512, 27A.8515).

6. CRIMINAL LAW — MAGISTRATES — SEARCH WARRANTS — CONSTITUTIONAL LAW.

The issuance of search warrants by magistrates who are not attorneys does not violate a criminal defendant's due process rights.

7. APPEAL — CRIMINAL LAW — EVIDENCE — STANDARD OF REVIEW.

The Court of Appeals must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt when determining whether there is sufficient evidence to support a defendant's conviction.

8. CONTROLLED SUBSTANCES — POSSESSION.

Possession of a controlled substance requires that the alleged possessor was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.

9. CRIMINAL LAW — EVIDENCE — INFERENCES.

Inferences may be drawn from established facts; but inference may not be built upon inference.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Richard G. Chosid,* for defendants on appeal.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

DANHOF, C.J. Following a jury trial, defendants
_____
* Circuit judge, sitting on the Court of Appeals by assignment.

were convicted of possession of marijuana with intent to deliver, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), and sentenced to 2 to 4 years imprisonment. They appeal as of right.

On appeal, defendants argue that the trial judge should have disqualified himself from hearing their cases because he was a prosecuting attorney within that circuit within the preceding two years.

Disqualification of a judge is covered by GCR 1963, 912. GCR 1963, 912.3 provides that a motion to disqualify must be filed within ten days after a case has been assigned to a judge or at least ten days before trial, whichever is earlier. If a motion is not timely filed, untimeliness is a factor in deciding whether the motion should be granted.

In the present case, defendants did not raise the issue in a timely fashion. Counsel for defendants made a motion for disqualification of the judge on the first day of trial.

Defendants assert that the judge should be disqualified under GCR 1963, 912.2(4):

"A judge is disqualified when he cannot impartially hear a case including a proceeding where the judge
* * *
"(4) was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years;"

We must decide whether the trial judge was an attorney for a party by virtue of his employment by the county as a prosecutor. We are assisted by *People v Dycus,* 70 Mich App 734; 246 NW2d 326 (1976). In *Dycus,* the defendant argued that the trial judge should have disqualified himself because he was admittedly related within the fourth degree of consanguinity to the prosecuting attorney who neither appeared nor participated person-

ally in the proceedings. The predecessor rule to GCR 1963, 912.2 (GCR 1963, 405.1[4]) referred to disqualification of a judge related within the fifth degree of "any of the attorneys or counsellors for any party". This Court held that the prosecuting attorney is not the attorney or counsellor for any party unless he appears personally and participates in the action. We are further assisted by Informal Ethics Opinion CI 368:

"When one of two full-time county paid prosecuting attorneys employed by the same governmental agency is elected judge, the newly elected judge is not considered a 'partner' or 'member of a law firm' requiring his disqualification from presiding over proceedings prosecuted by the office from which he was formerly employed in cases where the judge had no prior substantial responsibility and he can perform his duties impartially. (11-17-78)"

We hold that the judge is not an attorney for a party within the meaning of the court rule by virtue of his former employment by the county as a prosecutor where the judge did not appear personally and participate in the action. We note that the judge in the present case found that he could perform his duties impartially and that defendants made no allegation of partiality.

Defendants next argue that the trial court denied them a fair trial by refusing to order the people to produce the informant who supplied the information leading to the search of defendants' rented vehicle and consequently their arrests. Defendants claim that the informer, "Jo", is a res gestae witness because he may be the only witness who saw either of the defendants handle the 43 pounds of marijuana which was found in the trunk of their car or may be able to testify that a

prowler broke into the trunk of the car and placed the marijuana therein.

We review the lower court's decision as to the status of the witness under the clearly erroneous standard. *People v Abrego,* 72 Mich App 176, 179; 249 NW2d 345 (1976). We conclude that the trial court's decision is not clearly erroneous. The informant here was not a res gestae witness but rather supplied the information sufficient to establish probable cause to stop and search defendants' car. He was not a participant in the crime with which defendants were charged. See *People v Davis,* 72 Mich App 21; 248 NW2d 690 (1976). See, also, *People v Kinnebrew,* 75 Mich App 81, 86; 254 NW2d 662 (1977).

Defendants also argue that the trial court abused its discretion by refusing to allow defense inquiry into who had "pried open" the trunk of the rented car in which the contraband was found.

In an apparent attempt to bolster the defense theory that someone might have broken into the car and placed the bale of marijuana in it, or to uncover the informant's identity, defense counsel questioned surveillance police officers as to whether someone told them the trunk had been pried open, why it was pried open, when it was pried open, etc. (since the officers had no personal knowledge in that area). Detective Gwizdala testified that, from his examination of the trunk, it had been pried at, but not opened. After defense counsel asked these questions of Detective Gwizdala, the court ruled that he could not continue to question the officers in this manner unless they had personal knowledge.

We find no abuse of discretion on the part of the trial court. Defense counsel was trying to avoid the effect of the hearsay rule by innuendo and infer-

ence. The record supports the trial court's ruling that it was irrelevant that someone told the officers about the trunk.

Defendants next argue that MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), is unconstitutional because it violates the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24.

We find this issue to be without merit. It was disposed of by this Court in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980).

Defendants also argue that the circuit court lacked jurisdiction to try defendants because the proceedings were initiated by an arrest warrant issued by a nonattorney magistrate in violation of Const 1963, art 6, § 19.

This panel addressed this issue in *People v Ferrigan,* 103 Mich App 214; 302 NW2d 855 (1981). In *Ferrigan,* we concluded that issuance of search warrants by magistrates does not contravene Const 1963, art 6, § 19. Magistrates are not judges of the district court, but serve at the pleasure of the judges of the district court. MCL 600.8507; MSA 27A.8507. They have limited jurisdiction, MCL 600.8511, 600.8512; MSA 27A.8511, 27A.8512, and a party may seek a *de novo* review of the magistrate's decision as of right in the district court. MCL 600.8515; MSA 27A.8515. Defendants additionally claim that issuance of a warrant by a nonattorney violates due process. This is without merit. *Shadwick v City of Tampa,* 407 US 345; 92 S Ct 2119; 32 L Ed 2d 783 (1972).

Defendants next argue that the evidence is insufficient to support their convictions. They claim the element of knowing possession was not proven. Further, they claim that if possession can be inferred from circumstantial evidence, no further inference of intent to deliver is permissible.

When determining whether there is sufficient evidence to support their convictions, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).

Defendants were convicted of possession of marijuana with intent to deliver. Possession of a controlled substance requires that the alleged possessor was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. *People v Harrington,* 396 Mich 33, 43-44; 238 NW2d 20 (1976).

The evidence, although circumstantial, supports a finding of possession. Defendants Mick and Delongchamps rented a Pontiac Sunbird in Florida on April 17, 1979, by displaying Florida drivers' licenses as identification. Defendant Delongchamps also gave the rental agent a local Florida credit card. In contravention of the rental agreement, they brought the vehicle to Michigan. They stayed in a Holiday Inn in Bay City, Michigan. On a tip, police officers began surveillance of defendants on May 16, 1979. When defendants exited from the Inn, one placed a suitcase in the back seat, and they began to drive off. Their car was stopped and searched pursuant to a search warrant. An unopened 43-pound bale of marijuana was found in the trunk. $3,800 in cash was found in a paper bag in the glove box, $1,200 on the person of defendant Mick, and $622 on the person of defendant Delongchamps. Evidence was also introduced that they were given one key ring containing both ignition and trunk keys in Florida. However, when the car was stopped, the keys were separated and

the trunk key was in the possession of defendant Delongchamps.

We conclude that a rational trier of fact could have found the essential elements of possession of the controlled substance and intent to deliver as to both defendants. We also reject defendants' claim that intent to deliver cannot be inferred without violating the "inference upon an inference" rule. That rule proscribes the building of an inference upon another inference where both are based on the same evidence. *People v Atley,* 392 Mich 298, 314-315; 220 NW2d 465 (1974). Here the separate inferences of possession and intent to deliver are not based on the same evidence. The quantity of marijuana alone is sufficient to support an inference of intent to deliver. *People v Abrego,* 72 Mich App 176, 181; 249 NW2d 345 (1976). It is further supported by the amount and location of cash found in defendants' possession and the lack of paraphernalia associated with use.

Finally, defendants argue that the trial court erred in refusing to instruct on the lesser included offense of possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d). We are bound to reject this argument by *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

Affirmed.