PEOPLE v POTTER

Docket No. 53752. Submitted January 6, 1982, at Lansing.—Decided
    April 7, 1982. Leave to appeal applied for.

Richard A. Potter was convicted by a jury in Bay Circuit Court,
    Eugene C. Penzien, J., of possession of a controlled substance

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 608.
  30 Am Jur 2d, Evidence § 1168.
[2, 3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 47.
[3] Validity and construction of statute creating presumption or
    inference of intent to sell from possession of specified quantity of
    illegal drugs. 60 ALR3d 1128.
[4] 58 Am Jur 2d, New Trial §§ 31, 137.
[5-7, 9] 5 Am Jur 2d, Appeal and Error § 772.
[5] 58 Am Jur 2d, New Trial §§ 212, 213.
[6] 21 Am Jur 2d, Criminal Law §§ 358, 360.
[7] 31 Am Jur 2d, Expert and Opinion Evidence §§ 16, 31.
[8] 75 Am Jur 2d, Trial § 251.
[9] 5 Am Jur 2d, Appeal and Error § 880.
  29 Am Jur 2d, Evidence § 251.
[10, 11] 5 Am Jur 2d, Arrest §§ 22, 25.
  What constitutes probable cause for arrest—Supreme Court Cases.
    28 L Ed 2d 978.
[11] 5 Am Jur 2d, Arrest § 48.
[12] 5 Am Jur 2d, Arrest § 22.
  68 Am Jur 2d, Searches and Seizures § 37.
[13] 20 Am Jur 2d, Courts § 82.
  46 Am Jur 2d, Judges § 196.
  Prior representation or activity as attorney or counsel as diaqualify-
    ing judge. 72 ALR2d 443.
[14] 20 Am Jur 2d, Courts § 82.
  46 Am Jur 2d, Judges §§ 166, 167, 172.
  Disqualification of judge for bias against counsel for litigant. 23
    ALR3d 1416.
[15] 4 Am Jur 2d, Appeal and Error § 88.
  5 Am Jur 2d, Appeal and Error § 948.
  46 Am Jur 2d, Judges § 94.
[16] 21 Am Jur 2d, Criminal Law § 551.
  75 Am Jur 2d, Trial § 882.
[17] [No reference].

with intent to deliver and of being an habitual offender. Defendant was sentenced to a term of 10 to 15 years in prison. He appeals. *Held:*

1. The trial court did not err by denying defendant's motions for a directed verdict and for a new trial. The verdict rendered was in accordance with the evidence introduced.

2. The examining magistrate did not err in binding defendant over for trial. An intent to deliver may be inferred from the amount of controlled substance found in the accused's possession. The evidence of the quantity of marijuana defendant possessed at the time of his arrest together with defendant's conduct observed by the police officers was sufficient to support the magistrate's determination that there was probable cause to believe that the crime charged had been committed and probable cause to believe that the defendant had committed the crime.

3. The trial court did not abuse its discretion in ruling that one of defendant's witnesses was not qualified as an expert witness for purposes of testifying that it was not unusual for a marijuana user to carry 40 to 80 marijuana cigarettes for personal use.

4. Defendant's contention that the prosecutor made improper remarks to the jury is incorrect. The prosecutor was merely commenting on the evidence admitted at trial and, as such, the comments were permissible.

5. The trial court did not err in denying defendant's motion to suppress the evidence seized at the time of defendant's arrest. The pat-down of defendant and the seizure of the marijuana were justified as a search incident to a lawful arrest, and the trial court's denial of defendant's motion to suppress the evidence was proper.

6. The trial judge did not err by not disqualifying himself from presiding over this case at defendant's request.

7. Neither the bond set by the trial judge nor the sentence received by defendant were excessive or demonstrated bias by the judge against the defendant.

8. It was not error for the trial court to refuse to instruct the jury on the lesser included offense of possession of marijuana when defendant was charged with possession of marijuana with intent to deliver.

9. The trial court did not err in denying defendant's request for a new jury for the trial on the habitual offender charge.

Affirmed.

1. APPEAL — MOTIONS AND ORDERS — DIRECTED VERDICT.

The Court of Appeals, in reviewing a motion for a directed verdict of acquittal, must consider the evidence presented by the prosecution up to the time the motion was made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt; if sufficient evidence has not been introduced, a directed verdict or judgment of acquittal should be entered.

2. CONTROLLED SUBSTANCES — POSSESSION — INTENT TO DELIVER — CIRCUMSTANTIAL EVIDENCE.

Both possession and intent to deliver a controlled substance may be proven by circumstantial evidence.

3. CONTROLLED SUBSTANCES — INTENT TO DELIVER.

Intent to deliver a controlled substance may be inferred from the amount of the controlled substance possessed by the accused.

4. MOTIONS AND ORDERS — CRIMINAL LAW — NEW TRIAL.

A new trial may be granted by a trial judge if he finds a guilty verdict was not in accordance with the evidence introduced and that an injustice has been done.

5. NEW TRIAL — APPEAL.

The decision whether to grant or deny a motion for a new trial is entrusted to the discretion of the trial court and that decision will not be disturbed on appeal without a showing of an abuse of discretion.

6. APPEAL — PRELIMINARY EXAMINATIONS.

Review by the Court of Appeals of a magistrate's decision to bind a defendant over for trial is limited to whether the magistrate abused his or her discretion in rendering the decision.

7. WITNESSES — EXPERT WITNESSES.

The determination of whether an expert witness is qualified to testify rests within the sound discretion of the trial court, and the Court of Appeals will not reverse the trial court's determination of a witness's status unless there has been an abuse of that discretion.

8. PROSECUTING ATTORNEYS — PROSECUTORIAL COMMENT.

A prosecuting attorney must refrain from making arguments which divert the jury from its duty to decide a case on the evidence.

9. EVIDENCE — RELEVANCY — APPEAL.

    The determination of whether evidence is relevant rests within the discretion of the trial court and will not be upset on appeal in the absence of a clear abuse of discretion.

10. ARRESTS — FELONIES — PROBABLE CAUSE.

    A police officer may arrest a person without a warrant when he has probable cause to believe that a felony has been committed and probable cause to believe that the person arrested committed the felony (MCL 764.15; MSA 28.874).

11. APPEAL — ARREST — FELONIES — PROBABLE CAUSE.

    A court, in reviewing a claim that a police officer lacked probable cause to arrest, must determine whether facts available to the officer at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony; each case must be analyzed in light of the particular facts confronting the arresting officer.

12. SEARCHES AND SEIZURES — ARREST.

    A search warrant is not required for a search of an arrestee's person and the area within his immediate control if the search is incident to a lawful arrest.

13. JUDGES — DISQUALIFICATION OF JUDGES — ATTORNEYS — COURT RULES.

    A judge is not an attorney for a party, within the court rule regarding disqualification of a judge, by virtue of his former employment by the county as a prosecutor in an action brought before him wherein the county is represented by the prosecuting attorney's office if, while he was acting as prosecuting attorney, he did not appear personally and participate in that action; however, where the judge participated, as a prosecutor, in an action against the defendant within the previous two years, disqualification is automatic and a showing of actual bias is not required (GCR 1963, 912.2[4]).

14. JUDGES — DISQUALIFICATION OF JUDGES — COURT RULES.

    A judge is to be disqualified from hearing a case where he or she is personally biased or prejudiced for or against a party or attorney (GCR 1963, 912.2[2]).

15. CRIMINAL LAW — APPEAL — DISQUALIFICATION OF JUDGES — REVERSAL OF CONVICTION.

    A conviction will be reversed on the ground that the trial judge should have disqualified himself from hearing the case where

actual bias or prejudice on the part of the trial judge is shown to have existed.

16. CRIMINAL LAW — LESSER INCLUDED OFFENSES — MISDEMEANORS.

The cause of justice is not well served by charging a serious crime and convicting of a much lower offense; therefore, as a matter of policy, in any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct the jury on lesser included offenses for which the maximum allowable period of incarceration is one year or less.

17. CRIMINAL LAW — HABITUAL OFFENDERS — JURY TRIAL — NEW JURY.

A defendant has no absolute right to a new jury when tried as an habitual offender; it is within the sound discretion of the trial court to impanel a new jury after a careful balancing of the costs and inconvenience against the possibility of prejudice to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Zimostrad, Wenzloff, Allsop & Zimostrad, P.C.,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Defendant was charged with possession of a controlled substance with intent to deliver in violation of MCL 333.7401; MSA 14.15(7401) and as an habitual offender, by supplemental information pursuant to MCL 769.13; MSA 28.1085. A jury convicted defendant of both charges, and he was sentenced to a term of 10 to 15 years in prison. Defendant appeals by right.

Defendant first argues on appeal that the trial court erred by denying defendant's motions for a directed verdict and for a new trial. Although

defendant admits he possessed a controlled substance, marijuana, he denies he had the specific intent to deliver it to anyone and claims the prosecutor offered no evidence to show the existence of such an intent.

In reviewing a motion for a directed verdict of acquittal, this Court must consider the evidence presented by the prosecution up to the time the motion was made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. If sufficient evidence has not been introduced, a directed verdict or judgment of acquittal should be entered. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *People v Riemersma,* 104 Mich App 773, 780; 306 NW2d 340 (1981).

Both possession and intent to deliver may be proven by circumstantial evidence. *People v Ferguson,* 94 Mich App 137, 151; 288 NW2d 587 (1979). In addition, the intent to deliver may be inferred from the amount of controlled substance possessed by the accused. *People v Abrego,* 72 Mich App 176, 181; 249 NW2d 345 (1976), *People v Serra,* 55 Mich App 514, 520; 223 NW2d 28 (1974). In this case, the evidence disclosed that defendant possessed 80 marijuana cigarettes at the time of his arrest. An experienced undercover police officer testified that marijuana is often sold by individual cigarettes. Defendant was arrested in a public park which was known to be a place to buy and sell narcotics. Police officers testified that they had observed defendant give people in the park a well-known signal indicating a willingness to sell marijuana, and individuals had been observed going up to defendant's vehicle and handing defendant money

in exchange for long, white objects. We conclude that the evidence was sufficient to infer that the defendant had the intent to deliver a controlled substance, and therefore the trial court did not err in denying defendant's motion for a directed verdict.

The standard governing the grant or denial of a motion for a new trial was established by the Michigan Supreme Court in *People v Hampton, supra,* as follows:

"* * * [A] new trial may be granted if the trial judge finds that the guilty verdict was not in accordance with the evidence introduced and that an injustice has been done. * * * The decision whether to grant or deny a motion for a new trial is entrusted to the discretion of the trial court and that decision will not be disturbed on appeal without a showing of an abuse of discretion." (Citations omitted.) 407 Mich 354, 373.

Applying this standard to the instant case, we conclude that the verdict rendered was in accordance with the evidence introduced and that the trial court did not abuse its discretion in denying defendant's motion for a new trial.

Second, defendant argues that the examining magistrate erred in binding defendant over for trial. Defendant claims that the quantity of marijuana found in his possession was insufficient evidence to establish an intent to deliver a controlled substance. In light of the fact that this Court has stated on several occasions that an intent to deliver may be inferred from the amount of controlled substance found in the accused's possession, we find no merit to defendant's argument. See *People v Ferguson, supra, People v Abrego, supra, People v Serra, supra.* Our review of a magistrate's decision is limited to whether the magistrate

abused his or her discretion in rendering the decision. *People v King,* 412 Mich 145, 155; 312 NW2d 629 (1981). We conclude that the evidence of the quantity of marijuana defendant possessed at the time of his arrest together with defendant's conduct observed by the police officers was sufficient to support the magistrate's determination that there was probable cause to believe that the crime charged had been committed and probable cause to believe that defendant had committed the crime.

Defendant's third argument is that the trial court erred by ruling that certain expert testimony proffered by a defense witness was inadmissible. Defendant called a chemical dependency therapist at a drug and alcohol rehabilitation center to testify that it was not unusual for a marijuana user to carry 40 to 80 marijuana cigarettes for personal use. The purpose of this testimony was to rebut the testimony of prosecution witnesses, which was offered to show that defendant's intent to deliver a controlled substance could be inferred from the quantity of marijuana found in his possession.

The determination of whether an expert witness is qualified to testify rests within the sound discretion of the trial court, and this Court will not reverse the trial court's determination of a witness's status unless there has been an abuse of that discretion. *People v Kearney,* 72 Mich App 28, 33; 248 NW2d 687 (1976), *People v Boyd,* 65 Mich App 11, 13; 236 NW2d 744 (1975). Defendant's witness was a recovered alcoholic, and his training and expertise were in the area of therapy and counseling of chemically dependent persons. He had seen marijuana on only ten occasions, had never purchased or used the substance himself,

and his knowledge concerning the number of marijuana cigarettes a user might carry was based upon information he had obtained from his clients. We conclude that the trial court did not abuse its discretion in ruling that defendant's witness was not qualified as an expert witness to give the proferred opinion.

Defendant's fourth argument on appeal is that improper remarks by the prosecutor caused error requiring reversal. Defendant claims that the prosecutor improperly sought to play upon the sympathy and fears of the jury by introducing evidence concerning the reputation of the park in which defendant was arrested by referring to unidentified individuals in the park as teenage school children and by telling the jury that other types of drugs were sold in that park. The prosecutor also allegedly implied that defendant may have committed other offenses or sold other types of drugs. This Court has held that a prosecutor must refrain from making arguments which divert the jury from its duty to decide a case on the evidence. *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971). However, in this case the prosecutor was merely commenting on the evidence admitted at trial and, as such, the comments were permissible. *People v Terry,* 86 Mich App 64, 68; 272 NW2d 198 (1978).

What defendant is really objecting to is the admissibility of certain evidence. Defendant objects to the admission of evidence regarding his presence in the park at times other than when he was arrested, about the drug problem at the park, about the length of time the police had the park under surveillance, about the fact that one police officer had testified in another proceeding involving the defendant, and the evidence regarding

defendant's companion. Defendant cites no authority in support of his position that the admission of such evidence caused reversible error. The testimony concerning defendant's companion was admissible because it was intertwined with the proofs at trial. The rest of the testimony was admissible, as it was relevant on the element of defendant's intent to deliver. See MRE 401. The determination of relevancy rests within the discretion of the trial court and will not be upset on appeal in the absence of a clear abuse of discretion. *People v Strickland,* 78 Mich App 40; 259 NW2d 232 (1977). We conclude that the trial court did not abuse its discretion in admitting this evidence.

Defendant also argues that the trial court erred in denying defendant's motion to suppress the evidence seized at the time of defendant's arrest. Defendant contends that the evidence seized should not have been admitted because the police officers had no warrant and no probable cause existed for either the arrest or the search and seizure. We note that, in reviewing a trial court's ruling on a motion to suppress evidence, this Court has recently applied both the abuse of discretion and the clearly erroneous standards. *People v McIntosh,* 110 Mich App 139, 146; 312 NW2d 415 (1981), *People v Miller,* 110 Mich App 270, 275; 312 NW2d 225 (1981).

An officer may arrest a person without a warrant when he has probable cause to believe that a felony has been committed and probable cause to believe that such person has committed it. MCL 764.15; MSA 28.874. In reviewing a claim that a police officer lacked probable cause to arrest, the reviewing court must determine whether facts available to the officer at the moment of arrest

would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony. Each case must be analyzed in light of the particular facts confronting the arresting officer. *People v Harper,* 365 Mich 494, 501-502; 113 NW2d 808 (1962), *People v Ward,* 226 Mich 45; 196 NW 971 (1924).

We conclude that in the instant case there was sufficient knowledge on the part of the officers to justify an arrest. Defendant was in an area known by police officers to be a place where narcotics were bought and sold, defendant was known by undercover officers to be involved in narcotics, defendant was seen making signals known by police officers to indicate that he had drugs for sale, and defendant was seen engaging in transactions in which he exchanged items for money. This evidence provided the police officers with probable cause to believe a crime had been committed and that defendant had committed it. Since there were sufficient grounds to arrest defendant, the subsequent search of defendant was justified as a search incident to a lawful arrest. A search of the arrestee's person and the area within his immediate control is an exception to the warrant requirement. *People v Handley,* 101 Mich App 130, 142; 300 NW2d 502 (1980). Therefore, the pat-down of defendant and the seizure of the marijuana were justified as a search incident to a lawful arrest, and the trial court's denial of defendant's motion to suppress the evidence seized was proper.

Defendant next argues that the trial judge should have granted defendant's request that he disqualify himself from presiding over this case. Prior to becoming a judge in Bay County, Judge Penzien was the prosecuting attorney for Bay County. In that position, between 1971 and 1978

he was involved with six felony convictions obtained by the Bay County Prosecutor's Office against defendant. These were the same felony convictions used in this case as a basis for the supplemental information charging defendant as an habitual offender. Defendant argues that Judge Penzien was biased against him from his extensive prior contact with the defendant.

GCR 1963, 912.2 provides, in pertinent part:

"A judge is disqualified when he cannot impartially hear a case, including a proceeding where the judge * * *

"(4) was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding 2 years."

In *People v Delongchamps,* 103 Mich App 151, 156; 302 NW2d 626 (1981), this Court interpreted GCR 1963, 912.2(4) as follows:

"We hold that the judge is not an attorney for a party within the meaning of the court rule by virtue of his former employment by the county as a prosecutor where the judge did not appear personally and participate in the action."

GCR 1963, 912.2(4) provides for automatic disqualification for such prior participation, and a showing of actual bias is not required. In this case, defendant alleges that Judge Penzien, as prosecutor, personally appeared and participated in three of the six trials which resulted in convictions of the defendant. However, all three trials were in 1971, nine years prior to this case. Since GCR 1963, 912.2(4) specifically requires such prior participation to have occurred within the preceding *two* years, Judge Penzien was not disqualified under the rule.

GCR 1963, 912.2(2) states that a judge is to be disqualified when he or she is personally biased or prejudiced for or against a party or attorney. Defendant contends that certain rulings and actions by Judge Penzien during the trial disclosed an actual prejudice on his part against defendant. If actual bias or prejudice is shown to have existed, a conviction will be reversed on the ground that the trial judge should have disqualified himself from hearing the case. *People v Peques,* 104 Mich App 45, 46; 304 NW2d 482 (1980). Defendant contends that actual bias was shown by the fact that Judge Penzien stated that defendant was known by the police officers as a dealer in controlled substances. However, that statement was based upon the testimony of the police officers which was admitted both at the preliminary examination and at the suppression hearing and was not a statement of personal belief or bias on the part of Judge Penzien. Furthermore, Judge Penzien did not show any bias when he called to the prosecutor's attention a prior conviction of which the prosecutor was apparently unaware because he recalled that conviction from the bond hearing. Although the transcript from the hearing on the motion to suppress defendant's prior convictions reveals that defendant had at least eight prior convictions, Judge Penzien ruled that only two would be admissible at trial for impeachment purposes. We conclude that such a ruling was in defendant's favor and did not show any bias on the part of Judge Penzien.

Defendant also argues that the bond set by Judge Penzien and the sentence defendant received were excessive and demonstrated Judge Penzien's bias against defendant. We find no merit to these contentions. Defendant's bond of $30,000

was justified on the grounds that the defendant had failed to show up at two prior bond hearings and had a prior conviction for absconding on a bond in 1978. With respect to the defendant's sentence, we find it was within the statutory limit and, considering that the defendant was convicted as an habitual offender pursuant to a supplemental information charging six prior felony convictions, the sentence was proper. We find no reason to believe that the sentence was based upon Judge Penzien's alleged bias or prejudice against the defendant.

Defendant next argues that it was error for the trial court to refuse to instruct the jury on the lesser included offense of possession of marijuana when defendant was charged with possession of marijuana with intent to deliver. We find no error.

In *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), the Michigan Supreme Court established a rule which limited the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. The Court held that in any case in which the charged offense is punishable by more than two years of incarceration a court may not instruct on a lesser included offense which carries a maximum allowable incarceration period of one year or less. Under this rule, the trial court in the instant case did not err in refusing to instruct on the lesser included offense of possession of marijuana where the charged offense was possession with intent to deliver a controlled substance. *People v Delongchamps, supra,* 160; 302 NW2d 626 (1981). Despite the fact that we are presently bound by the rule enunciated in *Chamblis, supra,* we believe the rule should be modified in cases such as this. As we stated in *People v Vasher,* 97 Mich App 372; 296 NW2d 30 (1980):

"Possession [of marijuana] is the only alternative offense [to a charge of possession with intent to deliver a controlled substance] that could be legitimately supported by the record, thus, there is both the realistic close relationship between the offenses and the lack of numerous possible accusations. Further, the offenses are so overlapping in purpose and composition that a defendant prepared to reply to one charge would have adequate notice to enable him to defend against the other." *Id.,* 374.

We again suggest that the jury should be allowed to consider at least one alternative supported by the facts other than finding a defendant guilty or not guilty of the charged offense and invite the Supreme Court to consider the advisability of such a modification.

Defendant's final argument on appeal is that the trial court erred in denying defendant's request for a new jury for the trial on the habitual offender charge. Defendant maintains that he was entitled to a new jury since the jury on the underlying offense had already heard evidence of prior offenses committed by defendant. Two of defendant's prior convictions had been introduced as impeachment evidence, and one of them was not charged in the supplemental information. Defendant testified in the trial in the underlying offense but chose not to testify at the trial on the supplemental information. Defendant alleges that since the jury on the underlying offense had already heard defendant's testimony regarding the prior convictions, defendant's right to remain silent at the trial on the supplemental information was therefore violated.

In *People v Schram,* 98 Mich App 292; 296 NW2d 840 (1980), this Court rejected the same claim that is being raised by defendant. In *Schram,* both defendants testified at trial on the principal charges and were impeached on cross-

examination by evidence of prior convictions. This Court reiterated the established rule that a defendant has no absolute right to a new jury when tried as an habitual offender. It is within the sound discretion of the trial court to impanel a new jury after a careful balancing of the costs and inconvenience against the possibility of prejudice to the defendant. *Id.,* 300-302. In the instant case, the trial court, in rejecting defendant's request for a new jury for the habitual offender trial, noted the additional cost of a new jury and the lack of prejudice to the defendant by having the same jury decide the supplemental information. We cannot say that the trial court abused its discretion in reaching such a conclusion. Although a cautionary instruction to the jury that it should disregard anything heard in the previous trial would have been advisable, we cannot say that the trial court's failure to give such an instruction is reversible error.

We find defendant's remaining issues raised on appeal to be without merit. For the foregoing reasons, we affirm defendant's convictions.

Affirmed.