## PEOPLE v GARRISON

Docket No. 93541. Submitted May 7, 1987, at Grand Rapids. Decided February 17, 1988. Leave to appeal applied for.

Leonard G. Garrison was convicted of first-degree criminal sexual conduct involving a victim less than ten years old, Branch Circuit Court, Michael H. Cherry, J. Defendant appealed, raising several issues.

The Court of Appeals *held:*

1. Harmless error occurred when the trial court failed to itself conduct an examination of the victim to ascertain to its own satisfaction that the victim had sufficient intelligence and sense of obligation to tell the truth prior to her testimony on the stand. Although the prosecutor had conducted the questioning of the victim as to her competence, the trial court, in response to an objection raised by defendant after the prosecution had presented its case, had expressed its satisfaction that the victim was competent based on the victim's demeanor, behavior on the stand, responses to the prosecutor's questions, her affirmative response to the trial court's directive that she tell the truth, and the testimony of the district judge who conducted the preliminary examination in this case.

2. The trial court did not abuse its discretion in determining that a children's protective services worker for the Michigan Department of Social Services was qualified to testify as an expert witness. Testimony by this witness as to the victim's reaction to an anatomically correct doll was properly admitted by the trial court as a foundation for the witness' opinion that the victim had been sexually abused.

Affirmed.

REFERENCES

Am Jur 2d, Expert and Opinion Evidence § 26; Witnesses §§ 69, 88, 90, 91.

Witnesses: child competency statutes. 60 ALR4th 369.

Admissibility, at criminal prosecution, of expert testimony on rape trauma syndrome. 42 ALR4th 879.

Cross-examination of witness *as to his mental state or condition, to* impeach competency or credibility. 44 ALR3d 1203.

Necessity and admissibility of expert testimony as to credibility of witness. 20 ALR3d 684.

1. Witnesses — Competency of Witnesses — Appeal — Rules of Evidence.

Every person is generally competent to be a witness unless the court finds after questioning the person that he does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably; a trial court's decision that a person is competent to testify is reviewable only to determine whether there was an abuse of discretion (MRE 601).

2. Witnesses — Competency of Witnesses — Infants — Appeal.

Harmless error resulted from a trial court's failure to itself conduct an examination of a witness under the age of ten so as to ascertain that the witness had sufficient intelligence and sense of obligation to tell the truth where no objection was raised until after the party who offered the witness had questioned the witness regarding her competence and had completed its case, and the trial court indicated its satisfaction that the witness was competent based on the witness' demeanor, behavior on the stand, responses to questions, and affirmative response to a directive by the trial court that she testify truthfully (MCL 600.2163; MSA 27A.2163).

3. Witnesses — Expert Witnesses — Appeal.

The determination of whether an expert witness is qualified to testify rests within the sound discretion of the trial court, and the Court of Appeals will not reverse the trial court's determination of a witness' status unless there has been an abuse of that discretion.

4. Evidence — Anatomically Correct Dolls.

Testimony as to a child's reaction to an anatomically correct doll may be admissible as a foundation for an expert witness' opinion that the child has been sexually abused.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John L. Livesay,* Prosecuting Attorney, and *Tonatzin M. Alfaro Garcia,* Assistant Attorney General, for the people.

*Smith & Smith* (by *Mirt G. Smith*), for defendant on appeal.

Before: CYNAR, P.J., and SAWYER and J. S. THOR-
BURN,* JJ.

PER CURIAM. Defendant was convicted at a
bench trial of criminal sexual conduct in the first
degree.[1] Defendant was sentenced to ten to fifteen
years imprisonment. We affirm.

At the close of the people's case, defendant
moved to strike all the testimony of the victim
based on the court's noncompliance with MCL
600.2163; MSA 27A.2163, which states in relevant
part:

> Whenever a child under the age of 10 years is
> produced as a witness, the Court shall BY AN
> EXAMINATION MADE BY ITSELF publicly, or separate
> and apart, ascertain to its own satisfaction
> whether such child has sufficient intelligence and
> sense of obligation to tell the truth to be safely
> admitted to testify; . . . . [Emphasis added.]

Defense counsel argued that no inquiry had been
made of the victim's competency by the court. The
procedure was conducted by the prosecutor.

Rules of procedure, including rules of evidence,
are determined by the Supreme Court. Const 1963,
art 6, § 5. MRE 601 contains a presumption of the
competency of every witness unless the court finds
after questioning that the witness is incompetent.
The purpose of MCL 600.2163; MSA 27A.2163 is to
insure that a child under the age of ten years has
sufficient intelligence and a sense of obligation to
testify truthfully. Defendant admitted the compe-
tency of the victim but objected to the procedure
used to establish this fact. In light of the purpose
of the rule and the admission of the defendant,
reversal of defendant's conviction would elevate

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCL 750.520b(1)(a); MSA 28.788(2)(1)(a).

form over substance. The procedure utilized in this case was not offensive to the maintenance of a sound judicial system.

Defendant's objection was not raised until the people had completed their case. The trial court then thoroughly expressed its satisfaction with the victim's competency. Its decision was based on the demeanor of the victim, her behavior on the stand, her responses to the prosecutor's questions, the testimony of District Judge Coyle, who established the victim's competency at the preliminary examination, and the victim's affirmative response to the court's personal directive that she tell the truth. When the court permitted the victim to testify, it had implicitly found her competent. See *People v Kasben,* 158 Mich App 252, 257; 404 NW2d 723 (1987). What error occurred was harmless beyond a reasonable doubt.

The people called Mari Gilbert as an expert witness. Through the use of anatomically correct dolls she was permitted to testify about the characteristics which indicate that a child has been sexually abused. Defendant contends that Mari Gilbert does not have the qualifications to be classified as an expert.

Whether an expert witness is qualified to testify is a decision within the sound discretion of the trial court. This Court will not reverse the trial court's determination unless there has been an abuse of discretion. *People v Potter,* 115 Mich App 125; 320 NW2d 313 (1982); *People v Kearney,* 72 Mich App 28; 248 NW2d 687 (1976); *People v Boyd,* 65 Mich App 11; 236 NW2d 744 (1975). Review of the record convinces us that the trial court did not abuse its discretion in admitting Mari Gilbert's expert testimony. As a children's protective services worker for the Michigan Department of Social Services for the past ten years, she has re-

ceived special training in the area of child abuse and neglect. Her experience includes some 160 cases involving alleged child sexual abuse where anatomically correct dolls were used. The challenge to her qualifications as an expert witness was properly overruled.

Ms. Gilbert testified that the victim's use of the anatomically correct dolls corroborated the victim's allegations of sexual abuse. Defendant argues that the trial court erred in allowing this testimony because the opinion was given as though supported by scientific certainty.

Testimony as to a child's reaction to an anatomically correct doll may be admissible as a foundation for an expert witness' opinion that the child has been sexually abused even though their use does not rise to the level of a scientific test. *In re Rhinesmith,* 144 Mich App 475; 376 NW2d 139 (1985). Ms. Gilbert's testimony was presented simply as an opinion, not a conclusive scientific test. The trial court did not err by allowing testimony about the victim's reactions as a foundation for the expert's opinion that she had been sexually abused.

Affirmed.