**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED DECEMBER 27, 2007

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v                                                                  No. 132887

MICHAEL WILLIAM STAMPER,

Defendant-Appellant.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION

At issue in this case is whether a four-year-old injured child can be sufficiently aware of his impending death so that a statement given when death was imminent qualifies for admission as evidence under the dying declaration exception to the hearsay rule, MRE 804(b)(2). In lieu of granting leave to appeal, we affirm defendant's convictions and hold that a child may have the capacity to be conscious of his own impending death for purposes of the dying declaration exception.

We adopt the facts as set forth by the Court of Appeals:

The victim in this case is Jake Logan, the son of defendant's girlfriend, Gloria Ann Logan, who is also the mother of defendant's child. During the late afternoon or evening of September 8, 2004, defendant gave the victim a bath. Gloria heard the victim crying during the bath. After the bath, the victim was "passing out," and defendant put him in the bathtub to revive him. The victim later lay on the bed with Gloria. When Gloria asked him to open his eyes, he responded, "Mom, I can't, I'm dead." Defendant's daughter, Jamie, indicated that the victim stated, "don't bother me, I'm already dead." Gloria called her father, who came over and eventually called 911.

The victim was admitted to the hospital that evening with bruises on his neck, arms, chest, abdomen, groin, testicles, and legs. Nurse Hillary Hart asked the victim how he got his bruises, and the victim responded, "from 'Mike.'" Nurse Lisa Blanchette asked the victim who Mike was, and the victim responded, "Mom's wife." The victim died shortly thereafter.

According to Dr. Leigh Hlavaty, an expert in forensic pathology, the victim had 88 bruises on his body as well as anal injuries. Hlavaty testified that the anal injuries were consistent with anal penetration. Hlavaty opined that all of the victim's bruises and injuries were sustained within twenty-four hours of his death and that the victim's internal injuries were likely sustained within the two to six hours preceding the victim's admission into the hospital. He stated that an adult male fist or being struck with a blunt object in the abdomen likely caused the victim's injuries. [Unpublished opinion per curiam of the Court of Appeals, issued November 16, 2006 (Docket No. 263436), pp 1-2.]

The trial court admitted Jake's statements implicating defendant under the dying declaration exception. The Court of Appeals affirmed.

Hearsay is an unsworn, out-of-court statement that is offered to establish the truth of the matter asserted. MRE 801(c). It is generally inadmissible unless it falls under one of the hearsay exceptions set forth in the Michigan Rules of Evidence. MRE 802. One of these exceptions is MRE 804(b)(2), commonly known as the dying declaration exception, which provides that a statement by a

2

declarant is admissible if the declarant is unavailable as a witness and the statement was made "while believing that the declarant's death was imminent, concerning the cause or circumstances of what the declarant believed to be impending death." We review a trial court's admission of evidence under a hearsay exception to determine whether there has been an abuse of discretion. *People v Adair*, 452 Mich 473, 485; 550 NW2d 505 (1996).

Before admitting a statement as a dying declaration, the trial court must make a preliminary investigation of the facts and circumstances surrounding the statement. *People v Johnson*, 334 Mich 169, 173-174; 54 NW2d 206 (1952); *People v Fritch*, 210 Mich 343, 346-347; 178 NW 59 (1920). The trial court, in advance of the proof of the declaration itself, may "'allow evidence as to the circumstances under which the dying declaration was taken to show whether it was really taken when the declarant was under the conviction of approaching and inevitable death . . . .'" *Fritch*, *supra* at 347, quoting *People v Christmas*, 181 Mich 634, 646; 148 NW 369 (1914). If the surrounding circumstances clearly establish that the declarant was *in extremis* and believed that his death was impending, the court may admit statements concerning the cause or circumstances of the declarant's impending death as substantive evidence under MRE 804(b)(2). *Johnson*, *supra* at 173.

Here, we conclude that the requirements for admissibility have been met. Jake was clearly unavailable as a witness. MRE 804(a)(4). His statement to his mother, "Mom, I can't, I'm dead," when considered along with his injuries, clearly

3

indicated his belief that his death was imminent. *Johnson*, *supra* at 173. And his statements to the nurses that he received his injuries from "Mike" and that Mike was "Mom's wife" clearly concerned the circumstances of what Jake believed to be his impending death. MRE 804(b)(2).

We reject defendant's argument that a four-year-old child cannot be aware of impending death. Whether a child was conscious of his own impending death must be determined on a case-by-case basis. As with an adult, if the facts show, as they do here, that the child believed that he was about to die, statements he made may be proffered as dying declarations. A declarant's age alone does not preclude the admission of a dying declaration. Therefore, we affirm the Court of Appeals decision to uphold the trial court's admission of the victim's statements.

The remainder of defendant's application is denied, because we are not persuaded that the questions presented should be reviewed by this Court.

Affirmed.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

4