# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FABIAN DWIGHT RUCKER,

        Defendant-Appellant.

UNPUBLISHED
February 23, 2017

No. 329962
Kent Circuit Court
LC No. 15-004918-FC

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Fabian Dwight Rucker, appeals by right from his jury trial conviction of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a) (penetration of a person under age 13). Defendant was sentenced to 25 to 50 years' imprisonment for the conviction. We affirm.

This case arises out of the sexual assault of the victim, who was nine years old at the time of the assault. The victim was 12 years old when she reported the assault and testified at trial. The prosecution also introduced evidence of defendant's other acts of sexual assault against a minor. Defendant was previously convicted of second-degree CSC involving a former foster child. The foster child also testified at trial.

First, defendant argues that the prosecution presented insufficient evidence at trial to support his conviction. Specifically, defendant argues that there was not sufficient evidence to establish that he sexually penetrated the victim. We disagree.

"We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). The elements of first-degree CSC pursuant to MCL 750.520b(1)(a) are: "(1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r).

In *Lockett*, this Court held that there was sufficient evidence that one of the defendants engaged in sexual penetration with the victim, even though the victim denied that any

penetration occurred. *Lockett*, 295 Mich App at 188. This Court noted that the victim was not informed of the legal definition of penetration. *Id*. "Penetration" is established by "*any* intrusion, however slight, into the vagina *or* the labia majora." *Id*., citing *People v Whitfield*, 425 Mich 116, 135 n 20; 388 NW2d 206 (1986). In *Lockett*, the victim "testified that she and [the defendant] were attempting to have sexual intercourse and that [the defendant's] 'private' was touching her 'private.' " *Id*. She also testified that the defendant's " 'private' was touching where she would use tissue while wiping after urination, and that she experienced pain going into her 'private parts.' " *Id*. This Court found that "the jury could have reasonably inferred that [the defendant's] penis intruded, however slightly, into [the victim's] vagina or labia majora." *Id*.

Similarly, the victim in this case testified that defendant tried to put his finger inside of her, and that it hurt really badly, as if someone were trying to stab her. Furthermore, the victim testified that she was certain that it was defendant who tried to put his fingers into her vagina. When viewing the victim's testimony in the light most favorable to the prosecution, a reasonable jury could have found that defendant's finger intruded, however slightly, into the victim's vagina or labia majora. As a result, there was sufficient evidence for a rational trier of fact to find that sexual penetration occurred. *Lane*, 308 Mich App at 57; *Lockett*, 295 Mich App at 188.

Next, defendant asserts that the trial court improperly admitted the victim's statements to the medical social worker concerning her medical history. We disagree.

Defendant did not object at trial to the nurse's testimony concerning the victim's statements to the medical social worker. As a result, his claim that the victim's statements constituted inadmissible hearsay is not preserved. *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011). "Unpreserved claims of evidentiary error are reviewed for plain error affecting the defendant's substantial rights." *Id*.

Pursuant to MRE 801(c), hearsay is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Generally, hearsay is not admissible "unless if falls under one of the hearsay exceptions set forth in the Michigan Rules of Evidence." *People v Stamper*, 480 Mich 1, 3; 742 NW2d 607 (2007); MRE 802. One such exception includes statements made for purposes of medical treatment or medication diagnosis in connection with treatment. MRE 803(4).

In cases involving the alleged sexual assault of children, "statements the child makes may be admitted under [MRE 803(4)] when the totality of circumstances surrounding the statements supports that they are trustworthy." *People v Duenaz*, 306 Mich App 85, 95; 854 NW2d 531 (2014). Factors that may be considered under this test include:

> "(1) the age and maturity of the declarant, (2) the manner in which the statements
> are elicited (leading questions may undermine the trustworthiness of a statement),
> (3) the manner in which the statements are phrased (childlike terminology may be
> evidence of genuineness), (4) use of terminology unexpected of a child of similar
> age, (5) who initiated the examination (prosecutorial initiation may indicate that
> the examination was not intended for purposes of medical diagnosis and
> treatment), (6) the timing of the examination in relation to the assault (the child is
> still suffering pain and distress), (7) the timing of the examination in relation to

the trial (involving the purpose of the examination), (8) the type of examination (statements made in the course of treatment for psychological disorders may not be as reliable), (9) the relation of the declarant to the person identified (evidence that the child did not mistake the identity), and (10) the existence of or lack of motive to fabricate." [*Id.* at 95-96, quoting *People v Meeboer (After Remand)*, 439 Mich 310, 324-325; 484 NW2d 621 (1992).]

Here, the victim was 12 years old when she made the statements; she used aged-appropriate language when describing the assault; there was evidence that she was still under distress as a result of the assault when she made the statements; the examination was medical; the victim testified that she was certain that it was defendant who had assaulted her, and there was no evidence that she had a motive to fabricate her story. Because several factors demonstrate the trustworthiness of the victim's statements, we cannot conclude that the trial court committed plain error by admitting into evidence at trial the statements the victim made to the medical social worker.

Defendant next argues that the improper admission of the victim's statements concerning her medical history to the medical social worker denied him his right to confrontation. We disagree.

Again, because defendant did not object to the admission of the victim's statements concerning her medical history, this Court reviews his unpreserved confrontation claim for plain error. *People v Geno*, 261 Mich App 624, 630; 683 NW2d 687 (2004).

The Confrontation Clause "bars the admission of 'testimonial' statements of a witness who did not appear at trial, unless the witness was unavailable to testify and the defendant had a prior opportunity to cross-examine the witness." *People v Walker (On Remand)*, 273 Mich App 56, 60-61; 728 NW2d 902 (2006), citing *Crawford v Washington*, 541 US 36, 59, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004). "Statements are nontestimonial when made . . . under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006). Statements "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.*

In this case, defendant's rights under the Confrontation Clause were not infringed. First, the victim, who made the statements, testified at trial, and defendant had the opportunity to cross-examine her. So, defendant's claim is without merit. *Walker*, 273 Mich App at 60-61.

Second, the victim's statements to the medical social worker were nontestimonial because the circumstances objectively indicate the primary purpose of the interrogation was to enable medical treatment for the victim, not to prepare for a criminal prosecution. *Davis*, 547 US at 822. The examination at the Children's Assessment Center occurred after the victim's counselor called the police. But the victim was brought to the center by her mother, and no police were present while the medical social worker obtained the victim's medical history. The nurse then examined the victim. These circumstances indicate that the primary purpose of the

victim's statements made to the medical social worker was for an accurate medical diagnosis, not to prove past events that might be relevant to a criminal prosecution. *Id.*; see also *Meeboer (After Remand)*, 439 Mich at 329 ("The identity of the assailant should be considered part of the physician's choice for diagnosis and treatment, allowing the physician to structure the examination and questions to the exact type of trauma the child recently experienced."). Accordingly, the trial court's admission of the victim's statements to the medical social worker was not plain error under the Confrontation Clause.

Next, defendant asserts prosecutorial error because the detective testified in an improper manner. We disagree.

Defendant did not object to the detective's testimony at trial. As a result, the issue is unpreserved and reviewed for plain error. *Benton*, 294 Mich App at 202.

Claims of prosecutorial error are reviewed on a case by case basis to determine whether, viewed in context, a defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63, 64; 732 NW3d 546 (2007). In general, "it is improper for a witness or an expert to comment or provide an opinion on the credibility of another person while testifying at trial." *People v Musser*, 494 Mich 337, 349; 835 NW2d 319 (2013). Because the jury determines witnesses' credibility, such comments are inadmissible, "because the jury is in just as good a position to evaluate the [witness's] testimony." *Id.* (quotation marks and citation omitted). Our Supreme Court "has condemned opinions related to the truthfulness of alleged child-sexual-abuse complainants" because the cases often hinge "on creditability assessments[.]" *Id.* at 357.

In *People v Douglas*, 496 Mich 557, 583; 852 NW2d 587 (2014), the Court held that comments made by experts that bolstered the credibility of a child sexual assault victim were inadmissible. But in this case, the detective did not offer her opinion or comment on the victim's credibility. Defendant asserts that the detective's testimony that she had investigated 1,500 child sexual assault cases over a nine-year period, but that not all of them were prosecuted, implied that the victim's case was substantiated because it was prosecuted. Unlike the CPS worker in *Douglas*, 496 Mich at 594, the detective never testified that the victim's case was substantiated. Therefore, there was no prosecutorial error.

Next, defendant argues that the detective's testimony that she interviewed the victim using the forensic interviewing protocol bolstered the victim's credibility; however, the detective did not opine as to whether the victim's answers given during the interview were truthful. She was explaining the process she used to investigate the victim's case. Accordingly, defendant has failed to establish any trial error.

Third, defendant asserts that the detective's testimony bolstered the victim's credibility by confirming the victim's testimony that the victim ran and jumped on her mother after the assault. This statement was inadmissible hearsay because it was an out-of-court statement offered "to prove the truth of the matter asserted." MRE 801(c). But this error was not outcome determinative. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (to warrant relief under plain error review "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings"). The detective testified that she confirmed the victim's statement that the victim ran and jumped on her mother and that she believed that this

occurred one or two days after the assault. But the detective did not testify that she was able confirm with the mother the actual assault or any of the victim's other statements. The detective also did not testify regarding any specific information that the victim's mother provided or offer any opinions as to whether the victim's statement was truthful. The victim's testimony at trial regarding the details of the assault did not need to be corroborated to support a first-degree CSC conviction. MCL 750.520h. Therefore, defendant has not established that the detective's testimony that she was able to confirm the victim's statement that the victim ran and jumped on her mother was outcome determinative. *Carines*, 460 Mich at 763.

Lastly, defendant argues that the detective's testimony bolstered the testimony of the foster child because the detective testified that defendant was previously convicted based on the foster child's testimony. The detective testified at trial, however, that during her investigation, she located the report from the foster child's case. She further testified that it confirmed that the foster child was in foster care with the defendant at the time of her assault and that the detective was aware that defendant had a prior conviction involving that assault. The detective did not comment on the foster child's credibility, nor did she testify that defendant was convicted based on the foster child's testimony. Therefore, defendant cannot establish that the detective's testimony constituted plain error affecting his substantial rights. *Benton*, 294 Mich App at 202.

We also find no merit to defendant's claim of ineffective assistance of counsel. Generally, "[w]hether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Factual findings of the trial court are reviewed for clear error, while its constitutional determinations are reviewed de novo. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). Although defendant filed a motion to remand, because the motion was denied, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

A defendant claiming that he has been denied the effective assistance of counsel must show that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). The defendant must overcome a strong presumption that his counsel employed sound trial strategy, and that, but for counsel's error, the outcome of the trial would have been different. *Id.*

Defendant suggests that trial counsel was ineffective for failing to object to the testimony of the nurse when she described the victim's medical history that was given to the medical social worker. As discussed above, the trial court did not plainly err by admitting the nurse's testimony. In addition, trial counsel was not ineffective for failing to challenge this testimony because failing "to raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW3d 120 (2010).

Furthermore, defendant has failed to establish that the outcome of this case would have been different if trial counsel had objected to the nurse's testimony. First, the victim testified concerning the details of the assault. In addition, the foster child also described the details of her assault that occurred in 2005, and the jury heard testimony that defendant was convicted of that

assault. Considering this evidence, defendant cannot show that a reasonable probability exists that but for counsel's errors, the outcome of the proceedings would have been different. *Sabin*, 242 Mich App at 659. Thus, defendant's claim of ineffective assistance of counsel fails.

Defendant also suggests that counsel was ineffective for failing to object to the testimony of the detective. First, as discussed above, the detective's testimony regarding the number of child sexual assault cases she had investigated, the forensic interviewing protocol technique she used to interview the victim, and the report from the foster child's case was proper. As a result, defendant cannot show that trial counsel was ineffective when an objection would have been futile. See *Ericksen*, 288 Mich App at 201. Second, even if by failing to object to the detective's testimony regarding confirming that the victim ran and jumped on her mother after the assault, trial counsel's performance fell below an objective standard of reasonableness, defendant cannot show that there was a reasonable probability that the outcome of his trial would have been different if trial counsel had objected to this testimony. *Sabin*, 242 Mich App at 659. As discussed above, this testimony did not confirm any of the victim's testimony concerning the actual assault. In addition, the jury heard testimony from both the victim and the foster child concerning sexual assault perpetrated by defendant. Accordingly, defendant cannot show the outcome of his trial would have been different but for counsel's alleged error. Defendant has not establish he is entitled to relief on the basis of ineffective assistance of counsel.

We affirm.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly

-6-