*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

STEVEN NICHOL,

      Defendant-Appellant.

UNPUBLISHED
October 8, 2019

No. 343738
Macomb Circuit Court
LC No. 2017-000677-FH

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of second-degree criminal sexual conduct (CSC II) (victim less than 13), MCL 750.520c. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to a prison term of 60 to 270 months. Defendant was the boyfriend of the 11-year-old victim's mother. One night, the victim was asleep in a room with her siblings when defendant approached her and rubbed the surface of her vagina with his hand. Nine months later, she disclosed the abuse to her family and the police. He appeals his conviction and sentence. We affirm.

## I. EVIDENCE OF PAST SEXUAL ABUSE

Defendant argues that the trial court erred by admitting evidence of past sexual abuse by defendant. We disagree.

Whether bad acts evidence was properly admitted is reviewed for a clear abuse of discretion. *People v McGhee*, 268 Mich App 600, 636; 709 NW2d 595(2005). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Several witnesses testified regarding defendant's sexual abuse of his former stepchildren. Defendant's 31-year-old former stepson testified that defendant forced him to engage in acts involving penetration from the ages of 4 to 15. Also, defendant informed a detective that he had previously been convicted for digital penetration of a 14 or 15-year-old stepdaughter. Defendant testified that he abused his former stepdaughter when she was between the ages of 4 and 13, and

-1-

that he had accepted a plea deal because of this past abuse. Defendant argues that the evidence was substantially more prejudicial than probative and should have been excluded under MRE 403. He contends that the evidence had little probative value because it involved a long-past act that was not similar to the charged conduct. He maintains that the acts were dissimilar because the past acts involved penetration and spanned an extended period of time evidencing a pattern of conduct, whereas the charged conduct involved a very brief touching.

In *People v Watkins,* 491 Mich 450, 476; 818 NW2d 296 (2012), our Supreme Court gave several considerations that might lead a trial court to exclude evidence under MRE 403:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony.

Here, the past sexual acts were similar to the charged conduct in that both involved the genitals of a child who was at defendant's residence as a result of his relationship with the child's mother. The circumstances of the assaults were similar as was the activity of defendant using his hand to violate the vagina of the daughter of his romantic partner. The convictions for the charged activity and the past activity were separated by approximately 15 years, but this Court has found that a difference of 12 years was insufficient to "preclude the evidence's admission" where the acts were similar. *People v Solloway*, 316 Mich App 174, 195; 891 NW2d 255 (2016). The evidence was reliable given defendant's admission, the acts occurred frequently over a long period of time, and there was no testimony of intervening acts other than his incarceration. Additionally, the evidence was necessary considering that there was no physical evidence of the instant assault. Finally, the probative value was significant, given that defendant's denial was supported by other members of the household who testified that they were up all night and did not witness defendant leave the room and interact with the victim. The evidence demonstrated that defendant was capable of committing the act that the victim described, and thus the previous acts supported her testimony.

Defendant argues that the evidence was unfairly prejudicial because it influenced the jury's credibility determination of the victim. MCL 768.27a specifically permits the use of other-acts evidence to show a defendant's propensity to commit the charged crime while bolstering the victim's credibility. *Watkins*, 491 Mich at 492 n 93. A trial court's "failure to apply MRE 403" may be harmless where there is significant probative value to the admitted evidence. *Id*. Because the evidence was prejudicial, but not unfairly so, the trial court's decision to allow admission of the evidence was within the range of reasonable and principled outcomes and did not constitute an abuse of discretion. *Babcock*, 469 Mich at 269.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his counsel was ineffective in various respects. He did not preserve this issue by moving for a new trial or requesting a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Unpreserved claims of ineffective assistance of counsel are limited to

review for errors apparent on the record. *People v Unger* (*On Remand*), 278 Mich App 210, 253; 749 NW2d 272 (2008). The constitutional question of whether an attorney's ineffective assistance deprived a defendant of his Sixth Amendment, US Const, Am VI, right to counsel is reviewed de novo. *Id.* at 242. We find no constitutional violation.

Whether a defendant has been deprived of the effective assistance of counsel is both a question of fact and constitutional law. *People v Grant*, 470 Mich 477, 484; 684 NW2d 686 (2004). In order to demonstrate an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's performance was deficient" and (2) "that counsel's deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). The defense is prejudiced if it is reasonably probable that, but for counsel's error, "the result of the proceeding would have been different." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The "effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001).

### A. Statement regarding touching by the victim's brother

Defendant argues that trial counsel should have properly laid a foundation for admission of a prior statement made by the victim to her mother, to the effect that her brother had touched her inappropriately, which would have supported the defense and suggested an alternate suspect. Defense counsel asked the victim's mother whether she had seen her son inappropriately touch the victim. She replied that she had not "seen it, but she's told me that he's done it." Defense counsel asked, "Done what?" and the victim's mother replied, "Touched her." The prosecutor successfully objected to the hearsay.[1] The victim's mother then testified that the victim reported the touching to her "[r]ight after it happened, immediately." Defense counsel attempted to lay a foundation for an excited utterance exception to the hearsay rule pursuant to MRE 803(2), but the victim's mother only indicated that the victim was "startled." Thus, the objection was again sustained.[2]

A counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *Jordan*, 275 Mich App at 667. Defendant argues that counsel could have sought admission of the evidence as a present sense impression, pursuant to MRE 803(1), which allows admission of hearsay under the following circumstances: (1) the statement must provide an explanation or description of the perceived event, (2) the declarant must have personally perceived the event, and (3) the explanation or description must have been made at a time

---

[1] Hearsay is an unsworn, out-of-court statement that is offered to establish the truth of the matter asserted. MRE 801(c); *People v Stamper*, 480 Mich 1, 3; 742 NW2d 607 (2007). Hearsay is generally not admissible but may be admitted if it meets the requirements of one of the hearsay exceptions set forth in the Michigan Rules of Evidence. MRE 802; *Stamper*, 480 Mich at 3.

[2] "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is "not excluded by the hearsay rule, even though the declarant is available as a witness." MRE 803(2).

"substantially contemporaneous" with the event. *People v Chelmicki*, 305 Mich App 58, 63; 850 NW2d 612 (2014), citing *People v Hendrickson*, 459 Mich 229, 236; 586 NW2d 906 (1998). The victim's mother testified that the victim made the statement immediately after the event and thus, it would likely have been admissible as a present sense impression. Failing to attempt to seek admission on this basis could be deemed deficient performance because no apparent trial strategy justifies the omission. *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).[3]

However, assuming this was an error, defendant cannot show that he suffered prejudice as a result. Trial counsel's performance prejudiced the defense if it is reasonably probable that, but for trial counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667. Defendant argues that the evidence would have exonerated him because it would have given the jury an alternative to the victim's report that defendant had touched her, i.e., that the victim's brother was sleeping near her in a dark room on the night of the crime and had allegedly touched her inappropriately on a prior occasion. However, the type of inappropriate touching that the victim allegedly endured by her brother was not defined and may not have been sexual. Moreover, the jury heard the victim's mother's testimony before the prosecutor objected, and the evidence was not stricken from the record, and thus, the jury was able to consider this evidence. Further, the jury apparently made a determination that the victim's mother's testimony was not credible because she also testified that she was awake in the room with the victim at the time of the alleged touching and that defendant did not enter the room, and the victim denied making this statement to her mother. The jury was fully informed of the alleged statement regarding the victim's brother. Thus, defendant cannot show that, but for defense counsel's error, the outcome of the trial could have been different.

## B. Vouching

Next, defendant argues that his trial counsel should have objected to the testimony of the victim's stepmother about the capacity of the victim, who was autistic, to be dishonest. She testified, "Well, part of the autism is that they do not understand how to lie. They, they can't actually come up with—stories." The trial court sustained defendant's objection that the stepmother was not qualified to provide a medical opinion. She then testified that she had consulted with several treatment providers regarding the victim's autism and learned about the symptoms of the illness, and the prosecutor again asked about the victim's reputation for truthfulness. Defense counsel did not object when she responded that the victim was "not one to lie. It makes her sick to her stomach."

---

[3] Defendant also argues that the trial court erred in not admitting the evidence as a present sense impression. However, the trial court sustained an objection to the evidence as inadmissible hearsay, and ruled that it was not admissible as an excited utterance. It was not asked to rule on the evidence's admissibility as a present sense impression and thus, the issue is unpreserved. Unpreserved evidentiary claims are reviewed for plain error affecting substantial rights. MRE 103(d); *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Since the trial court was not asked to rule on the present sense impression question, it could not have plainly erred by failing to determine whether the evidence constituted a present sense impression.

Because it is the role of the jury to determine witnesses' credibility, it is "improper for a witness or an expert to comment or provide an opinion on the credibility of another person while testifying at trial." However, MRE 608 permits admitting "opinion and reputation evidence to character for truthfulness or untruthfulness after the character of the witness has been attacked." *People v Knox*, 469 Mich 502, 514; 674 NW2d 366 (2004). Defendant argues that the victim's character for truthfulness had not been attacked at the time of the testimony because only her father and stepmother had previously testified. However, defendant argued in opening that the victim had imagined the abuse, and made up the allegations. "Where a defense counsel attacks a witness' character for truthfulness in an opening statement, the prosecution may present evidence that supports the witness' character for truthfulness on direct examination." *People v Lukity*, 460 Mich 484, 489; 596 NW2d 607 (1999). Because defendant asserted that the victim was not telling the truth and was making up allegations based on her "vivid imagination" and untreated illnesses, defendant attacked the victim's character for truthfulness, rather than merely her credibility. *Id*. at 490-491. Therefore, the prosecutor's question about the victim's "reputation for truthfulness" was proper, pursuant to MRE 608(a).[4] An objection by defense counsel would not have been meritorious, and defense counsel was not ineffective for failing to make a futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## C. Defendant's credibility

Defendant argues that his trial counsel should not have elicited testimony from a Macomb County detective about his opinion of defendant's veracity. Defendant's trial counsel asked the detective whether he "fe[lt] like [defendant] was telling you the truth" during an interview. The detective responded that he did not know defendant well enough to give an opinion, and, when pressed, stated that he thought that defendant was "trying to deflect some of the things on to other people." Defendant argues that his trial counsel should have anticipated that the detective would not have endorsed defendant's credibility. However, one of defendant's trial strategies was to argue that defendant had told the truth when he previously was accused of abuse, and did not hide that he had abused his former stepchildren from the detective or the jury, so he would tell the truth when accused this time as well. Defense counsel's questions to the detective were part of that trial strategy. Decisions regarding the questioning of witnesses are presumed to be matters of trial strategy which we will not second-guess with the benefit of hindsight. *People v Dixon*, 263 Mich App 393, 39; 688 NW2d 308 (2004).

## D. Preliminary examination testimony

Defendant argues that his trial counsel should have impeached the victim's claim that she had seen defendant touch her with preliminary examination testimony that she had her eyes closed at the time of the abuse.

---

[4] Defendant argues that the trial court plainly erred by admitting the evidence pursuant to MRE 608(a) because the victim's credibility was not attacked. However, there was no objection based on MRE 608(a), so the trial court could not have plainly erred by failing to consider whether MRE 608(a) was applicable. In any event, the evidence was proper.

At the preliminary examination, the victim testified that before defendant touched her, she had seen him walking toward the room she was in and closed her eyes so she would not get into trouble. The victim explained that she did not see defendant's face, but knew he was touching her because he was the only one that was awake and his hand was larger. At trial, she testified that before he touched her she had seen him walking into the room and closed her eyes, but she explained that she used a technique where she slightly opened her eyes to see "a little bit" while they still appeared closed. Defense counsel asked whether she could see or get a good look at defendant, and she responded that she "really didn't see" because the room was dark. Defense counsel asked, "So when you, you said your eyes were closed, though, when you were being touched, correct." The victim responded that she used her closed eye technique to attempt to see, and that she knew it was defendant because she had seen him walking up to her before she closed her eyes. "These two statements are not diametrically opposed, evasive, or a change of position." *People v Green*, 313 Mich App 526, 534; 884 NW2d 838, 843 (2015). Thus, her trial testimony was consistent with her preliminary examination testimony, and defendant cannot show that trial counsel's performance was deficient for failing to impeach the victim with her preliminary examination testimony.

### E. Clothing

Next, defendant argues that his trial counsel failed to argue that the descriptions of the victim's clothing at the time of the assault were inconsistent. At trial, she testified that when she went to bed she was wearing shorts with a school emblem, a pajama shirt, and underwear. Defendant asserts that the victim's mother told his attorney before trial that the victim was wearing pants because she refused to change into sleeping clothes, and that the shorts had been discarded because they were too small. There is no evidence of what the victim's mother said to defendant's trial counsel; thus, there are no facts available to establish defendant's claim. It is defendant's burden to make a testimonial record of evidence supporting his claim that "excludes hypotheses consistent with the view that his trial lawyer represented him adequately." *People v Mitchell*, 454 Mich 145, 163; 560 NW2d 600 (1997), quoting *Ginther,* 390 Mich at 442-443. Defendant's trial counsel elicited testimony from the victim's mother that she was awake the entire night in the room with the victim and did not observe anyone approach her. Thus, the jury heard evidence that she did not believe the victim's claim, even if it did not have information contradicting the victim's description of her clothes. Defendant has not demonstrated that trial counsel's performance was deficient.

### F. Note to self

Next, defendant argues that his trial counsel failed to introduce evidence of a note from the victim to herself reminding her to inform her father that her brother had touched her vagina. Defendant does not provide the note or reference where the note can be found or was discussed, and therefore, his claim depends on facts that are not of record. It is defendant's burden to make a testimonial record of evidence supporting his claim that "excludes hypotheses consistent with the view that his trial lawyer represented him adequately." *Mitchell*, 454 Mich at 163, quoting *Ginther,* 390 Mich at 442-443. Moreover, the jury was able to consider evidence that the victim had informed her mother that her brother had touched her inappropriately. Thus, even if the note existed, defendant did not demonstrate that trial counsel was deficient for failing to introduce it.

**G. Victim's therapist**

Defendant argues that trial counsel failed to introduce evidence of a note from the victim's therapist indicating that the victim wanted to kill defendant, her mother, and their son, and failed to subpoena the therapist. Again, defendant does not provide the confidential note or reference where it can be found or what was discussed. His claim depends on facts that are not of record. Further, it is unknown whether the therapist would have testified favorably to defendant or to the victim, and whether privileged communications between the therapist and the victim could have been admitted.

**H. Date of incident**

Finally, defendant argues that trial counsel failed to present evidence that the victim changed her report of the date on which the incident occurred. Defendant states that the register of actions lists the date of the incident as December 31, 2015, contradicting the victim's testimony that the assault took place in the early hours of January 1, 2016. However, the register of actions is not evidence and the basis for its use of this date is not clear. The victim did not contradict herself, and several witnesses testified that the assault occurred during the victim's visit to her mother's residence during the New Year's Eve holiday. Thus, it is not apparent that the victim's timeline could have been successfully challenged. Defendant has not demonstrated that trial counsel was deficient.

III. CONCLUSION

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron