*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 31, 2023

Plaintiff-Appellee,

v

No. 360860
Wayne Circuit Court
LC No. 19-008280-01-FH

NATALIE CHRISTINA NELSON,

Defendant-Appellant.

Before: GADOLA, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial convictions of felonious assault, MCL 750.82; possession of a firearm in commission of a felony (felony-firearm), MCL 750.227b; and domestic violence, MCL 750.812. Defendant was sentenced to three years' probation for her felonious assault conviction, two years' imprisonment for her felony-firearm conviction with 169 days jail credit, and 93 days, time served, for her domestic violence conviction. For the reasons set forth in this opinion, we affirm the convictions and sentences of defendant.

## I. BACKGROUND

This appeal arises from an assault that occurred between defendant and the victim who were living together as boyfriend and girlfriend at the time of the incident. On September 10, 2019, defendant, after arriving home from an outing with her daughter, approached the victim, asking to use his phone. While using the victim's phone, defendant saw the victim had a call from his cousin, who was allegedly a child molester. Defendant, upset and concerned that the victim had been speaking to his cousin, began questioning and arguing with the victim. The victim alleged defendant grabbed him by the neck, scratched him, attempted to hit him, and threw an ashtray at him. Defendant alleged the victim pushed her, jumped on her, choked her, and said: "Don't ever ask me about my f***ing cousin ever again. I will kill you."

As defendant and the victim were arguing, defendant's son entered defendant's bedroom and began arguing with the victim. Defendant alleges the victim pushed defendant into her bed railing and then began packing his clothes. Defendant repeatedly told the victim to leave, eventually grabbing a gun she had in the bedroom. The victim finished packing and with defendant

-1-

following him, hurried down the stairs to the front door, where defendant allegedly kicked him in the back. The victim reported the altercation to the Detroit Police Department the next day.

The same day of the incident, defendant went to the hospital to be treated for pain in her neck, back, and thighs. Defendant asked her daughter to take photographs of the bruises on her thighs. One day after leaving the hospital, defendant went to speak with the victim's father at his home. The next day, defendant went to the police station and reported the altercation with the victim. Eventually, charges were filed against defendant.

During voir dire, a juror indicated she had been a victim of domestic violence or an assault with a weapon and admitted to having a bias against defendants who perpetrated violence against children, but affirmed she could set aside her experiences, judge the case based on the evidence presented, and be equally fair to the prosecution and defendant. Defense counsel and the prosecutor made no challenges for cause; however, defense counsel used all preemptory challenges to excuse jurors—not including the allegedly biased juror.

During trial, the prosecution's case-in-chief centered on the theory defendant unreasonably brandished a gun at the victim because he was taking too long to leave the house, not because defendant was acting in self-defense or in defense of her children. The victim denied he ever choked defendant and alleged defendant was the main aggressor during the altercation.

At trial, defendant argued she acted in self-defense of herself and her children. Of importance to this appeal, during direct examination, defendant attempted to relay the victim's threat to kill her during their altercation. However, the prosecutor objected to defendant's testimony of the victim's statement on the grounds that the statement constituted hearsay. The trial court granted the motion, erroneously concluding that the statement was hearsay.

Defendant was convicted and sentenced as noted above.[1] Following sentencing, this appeal ensued.

## II. ANALYSIS

On appeal, defendant first contends that the trial court abused its discretion and prejudiced defendant when it improperly excluded defendant's testimony regarding the threat made by the victim. The prosecution rightfully concedes error; admitting it is clear that the trial court's ruling that the statement was hearsay constituted error. However, the prosecution argues that defendant cannot meet her burden to establish that this error was not harmless, i.e., outcome-determinative. According to the prosecution, the main reason the error was not outcome-determinative is based on the fact that the defendant testified as to the victim's threat during cross-examination.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Edwards*, 328 Mich App 29, 41-44; 935 NW2d 419 (2019). An abuse of discretion occurs

---

[1] We note the length of time between defendant's conviction and sentencing was a result of Court delays due to COVID protocols. Additionally, defendant had requested to be sentenced in person, causing further delay.

when the trial court's decision rests outside the range of reasonable and principled outcomes. *People v Baskerville*, 333 Mich App 276, 287; 963 NW2d 620 (2020). Preliminary questions of law, including whether a rule of evidence precludes the admission of evidence, are reviewed de novo. *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014) (citations omitted). "A trial court abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015).

Under Michigan's evidentiary rules, "[h]earsay is an unsworn, out-of-court statement that is offered to establish the truth of the matter asserted." *People v Stamper*, 480 Mich 1, 3; 742 NW2d 607 (2007), citing MRE 801(c). Under MRE 802, hearsay is not admissible unless it "falls under one of the hearsay exceptions set forth in the Michigan Rules of Evidence." *Stamper*, 480 Mich at 3. If, however, the proponent of the evidence offers the statement for a purpose other than to prove the truth of the matter asserted, then the statement is not hearsay. MRE 801(c). "An out-of-court statement introduced to show its effect on a listener, as opposed to proving the truth of the matter asserted, does not constitute hearsay under MRE 801(c)." *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014). "Evidence of prior threats is admissible when the defendant has raised an argument of self-defense." *People v Ake*, 362 Mich 134, 136-137; 106 NW2d 800 (1961).

Here, defendant claimed she acted in self-defense of herself and her children. For the jury to conclude defendant acted in self-defense, they would have to find defendant "had a reasonable and honest belief that the use of deadly force was necessary to prevent imminent death or great bodily harm." *People v Guajardo*, 300 Mich App 26, 42; 832 NW2d 409 (2013). Further, for the jury to conclude defendant acted in defense of her children, the jury would have to find defendant acted in "defense of [her] own life, or that of [her] family, relatives or [dependents], within those relations where the law permits the defense of others as of one's self." *People v Leffew*, 508 Mich 625, 638; 975 NW2d 896 (2022) (quotation marks and citation omitted).

During her direct examination, defendant testified that she grabbed her gun in self-defense and defense of her children because the victim choked her and made her fear for her life. Defendant also attempted to relay the victim's threat to kill her during their argument. However, the prosecutor objected to defendant's statement and the trial court erroneously ruled defendant's testimony was hearsay.[2]

Our conclusion that the trial court erred does not end our analysis of the issue. MCR 2.613 states, in relevant part:

> An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not grounds for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to

---

[2] There are a variety of exclusions and exceptions to the hearsay rule that apply to the statement offered, but it is sufficient for us to conclude that the statement was not hearsay for the reason stated by defense counsel at trial: the statement was offered to show the effect the threat had on defendant and her state of mind and not for the truth of the matter asserted. See MRE 801(c).

take this action appears to the court inconsistent with substantial justice. [MCR 2.613(A).]

As previously stated, even though the trial court erroneously prohibited introduction of the victim's threat on direct examination, on cross-examination, the same prosecutor who objected to the statement later elicited the following from defendant:

> *Q*. So when you came in the house you immediately asked to see [the victim's] telephone?

> *A*. No. I seen his name in the phone. And I asked him. I said, "Did Jay call you?" And that's when he jumped on top of me and started to choke me. And he was saying, "Don't ever ask me about my f***ing cousin ever again. I will kill you."

Defendant's arguments to the contrary, the victim's verbal threat directed at defendant was admitted as testimony for the jury to consider. As is the case in a criminal trial, the jurors were instructed to consider all the evidence when reaching their verdict, regardless of whether it was presented on direct or cross-examination or which party presented it. And, because jurors are presumed to follow their instructions, *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008), defendant has failed to prove the trial court's failure to admit defendant's testimony on direct examination amounts to more than harmless error. Therefore, defendant is not entitled to a relief on this issue.

Defendant next argues the trial court abused its discretion when it admitted irrelevant, prejudicial evidence that defendant visited the victim's father after the alleged assault. The prosecution counters that the evidence was relevant in determining defendant's credibility

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *People v McKinney*, 410 Mich 413, 419; 301 NW2d 824 (1981), citing MRE 401. Even relevant evidence may, however, be excluded under MRE 403 if, despite its relevancy, the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. We have defined "unfair prejudice," stating, in relevant part:

> Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury. This unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock. [*People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005) (quotation marks and citations omitted).]

The prosecution bears the burden to prove its case beyond a reasonable doubt. *People v Denson*, 500 Mich 385, 401; 902 NW2d 306 (2017). Part of meeting that burden is to challenge defendant's credibility and any inconsistencies in her testimony. "The credibility of a witness is always an appropriate subject for the jury's consideration." *People v Coleman*, 210 Mich App 1,

8; 532 NW2d 885 (1995). "[T]he jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *People v Layher*, 464 Mich 756, 763; 631 NW2d 281 (2001).

Defendant claimed, as a result of the victim's attack, she suffered injuries to her neck, back, and thighs that impacted her ability to move. Defendant stated that her injuries were so painful she could not seek medical treatment right away because she could hardly move. But defendant also testified she was able to get into her car and drive to the house of the victim's father. It therefore becomes clear that the prosecutor questioned defendant about her trip to the home of the victim's father in an attempt to challenge defendant's credibility, which is a relevant consideration for the jury. See *Coleman*, 210 Mich App at 8. Because evidence regarding defendant's credibility is highly relevant for the jury's verdict, the trial court did not abuse its discretion in allowing the prosecutor's questions regarding defendant's visit to the home of the victim's father. Accordingly, defendant is not entitled to relief on this issue.

Defendant next claims that the trial court's cumulative error in admitting irrelevant evidence of defendant's visit to the home of the victim's father after the altercation was compounded by the trial court's abuse of discretion in ruling defendant's direct examination testimony was hearsay. "The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *Gaines*, 306 Mich App at 321-322. However, each of the errors must be of some consequence. *People v Knapp*, 244 Mich App 361, 388, 624 NW2d 227 (2001). Where there is only one error of consequence that does not individually warrant a new trial, a new trial is not warranted on the basis of cumulative error. See *Gaines*, 306 Mich App at 322.

We reject defendant's cumulative claim of error for the reasons previously stated in this opinion. As to the trial court's error in not admitting the victim's threat toward defendant, such error was harmless because later in her testimony, defendant was able to state the victim's threat to kill her. Therefore, while error, we conclude that any error was harmless and does not entitle defendant to relief. MCR 2.613(A). Additionally, we concluded that evidence regarding defendant's trip to the home of the victim's father was relevant and therefore there was no error by the trial court in admitting that evidence. Accordingly, defendant has not demonstrated "cumulative error" for which she is entitled to relief.

Next, defendant argues that throughout the trial, the prosecutor repeatedly referenced the lack of photographic evidence depicting defendant's neck after the alleged choking. The prosecution also referenced defendant's delay in reporting the alleged choking to police. According to defendant, because all of these statements improperly shifted the burden to defendant to prove self-defense, defendant is entitled to a new trial.

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). We, however, review unpreserved claims of prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v Clark*, 330 Mich App 392, 433; 948 NW2d 604 (2019) (citation omitted). Under the plain-error rule, a defendant must show: 1) an error occurred, 2) the error was plain, meaning, clear or obvious,

and 3) the plain error affected substantial rights, meaning it prejudiced defendant by affecting the outcome of the proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). If defendant satisfies those requirements, we must determine whether the plain error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence." *Id*. at 763-764 (quotations marks and citations omitted). Reversal is not warranted if the alleged prejudicial effect of the prosecutor's conduct could have been cured by a timely instruction. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

We have held, in relevant part:

A prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof. Also, a prosecutor may not comment on the defendant's failure to present evidence because it is an attempt to shift the burden of proof. [*People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010) (footnotes omitted).]

Further, during closing arguments, "a prosecutor may not make a factual statement to the jury that is not supported by the evidence, but a prosecutor is free to argue the evidence and all reasonable inferences arising from it as it relates to . . . the theory of the case." *People v Johnson*, 315 Mich App 163, 201; 889 NW2d 513 (2016) (quotation marks and citation omitted). Prosecutors may argue that a defendant's theory of the case should not be believed as long as such argument is based on the evidence. *People v Meissner*, 294 Mich App 438, 457-458; 812 NW2d 37 (2011). And "where a defendant testifies at trial or advances, either explicitly or implicitly, an alternate theory of the case that, if true, would exonerate the defendant, comment on the validity of the alternate theory cannot be said to shift the burden of proving innocence to the defendant." *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995).

Here, defendant argued at trial that she was acting in self-defense and in defense of her children when she brandished a gun during the argument with the victim. The trial court instructed the jury on self-defense, stating, in relevant part: "If a person acts in lawful self defense or in defense of others her actions are justified and she is not guilty of an assault with a dangerous weapon, felonious assault, felony firearm, or domestic violence." Therefore, because defendant asserted a theory of self-defense, which would exonerate her if proven, the prosecution was entitled to comment on and challenge the validity of defendant's defense. "[W]here a defendant testifies at trial or advances, either explicitly or implicitly, an alternate theory of the case that, if true, would exonerate the defendant, comment on the validity of the alternate theory cannot be said to shift the burden of proving innocence to the defendant. Although a defendant has no burden to produce any evidence, once the defendant advances evidence or a theory, argument on the inferences created does not shift the burden of proof." *Fields*, 450 Mich at 115.

Here, defendant claimed the victim choked her, making her fear for her life, and as a result she grabbed her gun. During the prosecutor's presentation of the case-in-chief, the victim denied choking defendant. Therefore, the prosecutor's comments about a lack of evidence demonstrating evidence that defendant had been chocked during closing argument did not shift the burden to defendant to prove self-defense. Rather, the statements were intended to challenge defendant's

claim of being chocked. There was no burden shifting by the prosecution and as such, defendant is not entitled to relief on this issue.

Defendant next argues she received ineffective assistance of counsel because defense counsel: (1) failed to challenge a biased juror; (2) made an apparent admission of aggression by defendant; and (3) failed to object to prosecutorial misconduct.[3]

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; we review for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). In the absence of an evidentiary hearing, our review of ineffective assistance claims is generally limited to mistakes apparent from the existing record. *People v Muhammad*, 326 Mich App 40, 63; 931 NW2d 20 (2018).

In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court held a convicted defendant's claim of ineffective assistance of counsel includes two components: "First, the defendant must show that counsel's performance was deficient…Second, the defendant must show that the deficient performance prejudiced the defense." To establish a claim of ineffective assistance of counsel, a defendant must demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. Defense counsel is presumed to be effective. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). Thus, defendant is required to "overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003).

Defendant's first claim of ineffective assistance of counsel concerns jury selection. During the prosecution's questioning during voir dire, this relevant exchange took place:

> *PROSECUTOR*: Now if I may, ladies and gentlemen, by a show of hands, how many of you that maybe watching the news or something like that, ever watched a news story and saw an individual and said, I know that person did it, or that person didn't do it?
>
> But you had a perception already if you are honest, how many of you have done that?
>
> * * *
>
> *JUROR NO. 6*: I see kids and I know they can't defend themselves then that's something.

---

[3] Defendant's claims of error regarding prosecutorial misconduct relative to burden shifting have already been examined and rejected in this opinion. Therefore, we need not address the same issues again.

*PROSECUTOR*: So what is your perception, you would say they're innocent, Juror No. 6?

*JUROR NO. 6*: I would say guilty.

*PROSECUTOR*: Just automatically?

*JUROR NO. 6*: Guilty, because kids can't defend themselves. That's the way I feel, if they're hurt or something like that.

*PROSECUTOR*: So no matter what you are saying whatever the judge says or the testimony from the witness if they were stabbed if it's a child you just can't get past that?

*JUROR NO. 6*: I can't get past that.

The juror's main concern was attacks on minors, and this case did not involve an attack on a minor. In fact, central to the defense was defendant's assertion that she was at all times acting in defense of her children. Further, counsel's decisions relating to the selection of jurors is generally a matter of trial strategy. *People v Johnson*, 245 Mich App 243, 259; 631 NW2d 1 (2001). "If counsel's strategy is reasonable, then his or her performance was not deficient." *People v Randolph*, 502 Mich 1, 12; 917 NW2d 249 (2018). Additionally, jurors are presumed to be impartial and competent to render a verdict. *Johnson*, 245 Mich App at 256. "The burden is on the defendant to establish that [a] juror was not impartial or at least that the juror's impartiality is in reasonable doubt." *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008) (citation omitted). When a potential juror swears that he or she will put aside preexisting knowledge and opinions, it is presumed the juror is telling the truth. *People v Cline*, 276 Mich App 634, 638; 741 NW2d 563 (2007).

Taking into consideration the record coupled with our prior decisions, it becomes clear that trial counsel's decision to leave the juror on the panel did not constitute a deficient performance. First, defendant's claim of error is predicated on a misunderstanding of her own case; the juror testified that they if they harbored a bias, it was in favor of children. Here, defendant claimed she acted in order to protect her children. Therefore, any bias was in defendant's favor, not contrary to her interests. Additionally, the juror in question stated that they would follow the law and adjudicate the case strictly based on the evidence presented, being equally fair to defendant and prosecution. Also, the jury was properly instructed and it is presumed that jurors follow their instructions. *Johnson*, 245 Mich App at 256. Accordingly, defendant is not entitled to relief on this issue.

Next, defendant argues that defense counsel was ineffective because during closing arguments counsel made a comment containing an apparent admission of aggression by defendant, specifically: "Did [defendant] give [the victim] a kick on the way out? I hope so. Because this man had no business putting his hands around her neck."

Throughout trial, defense counsel argued defendant reasonably drew her gun as an act of self-defense and defense of her children because the victim choked defendant and defendant feared the victim would kill her or harm her children. During closing argument, defense counsel

reiterated this theory of the case, emphasizing defendant only acted the way she did because she was a mother attempting to protect herself and her children. Read in context, defense counsel's use of rhetorical flourish was in furtherance of defendant's theory of self-defense. And because we do not "substitute our judgment for that of counsel on matters of trial strategy," *Unger*, 278 Mich App at 242-243, defendant has failed to show defense counsel's statement constitutes deficient performance.

Even if defendant could establish defense counsel's statement during closing arguments constituted deficient performance, defendant still bears the burden of proving but for counsel's deficient performance, there is a reasonable probability the outcome of trial would have been different. *Trakhtenberg*, 493 Mich at 51. At trial, the jurors were instructed that the lawyer's statements and arguments were not evidence. And because "[j]urors are presumed to follow their instructions, and instructions are presumed to cure most errors," *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003), any prejudice was cured by the jury instruction. Further, defendant offers no support for her contention that defense counsel's comment made it "possible" for the jury to return a different verdict. Accordingly, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello