PEOPLE v GARRISON (ON REMAND)

Docket No. 133485. Submitted October 10, 1990, at Lansing. Decided March 5, 1991, at 9:35 A.M.

Leonard G. Garrison was convicted of first-degree criminal sexual conduct following a bench trial in the Branch Circuit Court, Michael H. Cherry, J. The defendant appealed, and the Court of Appeals affirmed. 166 Mich App 557 (1988). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded for reconsideration in light of *People v Beckley* and *People v Badour,* 434 Mich 691 (1990), with regard to whether expert witness testimony impermissibly vouched for the credibility of the child victim. 436 Mich 865 (1990).

The Court of Appeals, on remand, *held:*

In a case involving sexual abuse of a child, an expert witness may testify that the behavior of the victim is consistent with that of child sexual abuse victims generally, but may not testify with regard to whether the victim's allegations are truthful, or whether sexual abuse in fact occurred. In this case, the testimony of the prosecution's expert went beyond testimony regarding her experience with other child victims of sexual abuse. Instead, the expert's testimony pointedly suggested that the victim had in fact been sexually abused.

Reversed and remanded.

WITNESSES — EXPERT WITNESSES — SEXUAL ABUSE OF CHILDREN.

In a case involving the sexual abuse of a child, an expert may testify that the particular behavior of the child was characteristic of child sexual abuse victims generally, but may not testify with regard to whether the victim's allegations are truthful, or whether sexual abuse in fact occurred.

*Frank J. Kelley,* Attorney General, *Gay Secor*

REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 180, 255; Infants §§ 16, 17.5.

See the Index to Annotations under Abuse of Persons; Hearsay; Expert and Opinion Evidence.

*Hardy,* Solicitor General, *John L. Livesay,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

*John A. Lydick,* for the defendant on appeal.

ON REMAND

Before: DANHOF, C.J., and CYNAR and SAWYER, JJ.

PER CURIAM. Following a bench trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to a term of ten to fifteen years' imprisonment. On appeal, we affirmed. *People v Garrison,* 166 Mich App 557; 420 NW2d 851 (1988). However, by order of our Supreme Court, that judgment has been vacated, and this case has been remanded to us for reconsideration in light of *People v Beckley,* 434 Mich 691; 456 NW2d 391 (1990) (companion case of *People v Badour*) with regard to whether expert witness testimony impermissibly vouched for the credibility of the child victim. 436 Mich 865 (1990). After reconsideration, we find that we must reverse.

In *Beckley, supra,* a plurality decision, a majority of the Supreme Court agreed that, in a case involving sexual abuse of a child, an expert witness may testify that the behavior of the victim is consistent with that of child sexual abuse victims generally, However, the expert may not testify with regard to whether the victim's allegations are truthful or whether sexual abuse in fact occurred.

In this case, the testimony of the prosecution's expert, Mari Gilbert, unfortunately went beyond relating the victim's use of anatomically correct dolls with her experience with other child victims

of sexual abuse. Her testimony pointedly suggested that the victim had in fact been sexually abused. We find the following testimony to be pertinent to our holding on this issue:

> *Q.* [*Prosecutor*] Is the removal of the clothing from the doll by the child consistent with something that has happened to them?
>
> *A.* [*Ms. Gilbert*] Yes, sir.
>
> *Q.* Is the action that [the child victim] made in this case where she took the male child and placed the penis against the mouth of the girl child and move the male child up and down significant to you?
>
> *A.* Yes, sir, it is.
>
> *Q.* Why is that significant.
>
> *A.* It demonstrates what, and also, you know, it corroborates what [the child victim] was stating. *It demonstrates what had occurred to her.*
>
> *Q.* Miss Gilbert, based upon your experience, was [the child victim's] reaction to the dolls significant in this case?
>
> *A.* Yes, sir.
>
> *Q.* What was significant to you based upon your experience?
>
> *A.* Based on my experience, her reaction to the dolls demonstrated that *she had indeed been sexually abused.* [Emphasis added.]

Consequently, pursuant to *Beckley, supra,* defendant's conviction is reversed, and this case is remanded for a new trial. We do not retain jurisdiction.